Cummings *et al. v.* Citizens' Building, Loan and Savings Association.

No. 17,626.

CUMMINGS ET AL. *v.* CITIZENS' BUILDING, LOAN AND SAVINGS ASSOCIATION.

EVIDENCE.—*Special Finding, When Not Sustained.—Building and Loan Stock.—Assessment.*—A finding that there is due plaintiff in principal and interest, on a note in suit, a specified sum, is not sustained by evidence showing that the suit was brought to recover an assessment made by plaintiff on defendant's stock, and not upon any unpaid principal or interest.

From the Perry Circuit Court.

*S. H. Esarey* and *W. Henning,* for appellants.

*W. A. Land,* for appellee.

JORDAN, J.—Appellee is an incorporated Building, Loan and Savings Association organized under the laws of this State. It commenced this action to recover a judgment against appellant Eugene F. Cummings, on a promissory note, and to foreclose a mortgage executed by him and his wife, a co-appellant herein, to secure the payment of the note.

The complaint alleges that on the 2nd of December, 1889, the defendant Eugene F. promised to pay to the plaintiff nine hundred dollars, with interest at six per cent. That there is due and unpaid thereon the sum of two hundred dollars, principal and interest. The pleading further avers the execution of the mortgage to secure the payment of the note, and that a copy of each is filed and made a part thereof, and judgment for two hundred dollars and foreclosure of the mortgage is demanded.

The note mentioned in the complaint is as follows:

"CANNELTON, IND., Dec 2, 1889.

"$900.

"On or before March 29, 1893, I promise to pay without any relief from valuation or appraisement laws to the Citizens' Building, Loan and Savings Association, or order, the sum of nine hundred dollars, together with interest thereon at the rate of six per cent. per annum from date, with attorney's fees, said interest to be due and payable bi-weekly, in advance, to the cashier of said association; and on failure to pay any interest when due, then the whole principal and interest shall be due and payable.                    EUGENE F. CUMMINGS."

The mortgage, which was executed of the same date as the note, after describing the premises and the note in question, stipulated that it was executed to secure the payment thereof, when the series of stock therein mentioned shall mature. It further recited "that the principal of the note was the amount loaned to Cummings, on nine shares of unpaid stock of said association, held by him, of $100.00 each, and belonging to series number one; that the mortgage was also to secure the payment of all dues, fines, and penalties, and the due performance of all the duties of the mortgagor, as a member of said association until the series to which said stock belongs shall end, in accordance with the act under which the association was organized, and its constitution and by-laws; that in the event of the mortgagor's neglect for a period of three months, to pay these fines, penalties, etc., the note shall then become due, etc., and upon a foreclosure of the mortgage the judgment shall include all interest, dues, fines, forfeitures, and all other indebtedness which shall be due and owing in connection with stock or loan."

The appellant contends that the complaint is not sufficient in facts to constitute a cause of action, and that the demurrer thereto ought to have been sustained. The evident theory of the pleading, as outlined by the averred facts, is to obtain a judgment of an unpaid balance due upon the note, and for a foreclosure of the mortgage. There are no allegations which show that appellant is in arrears, or in default of payment of any fines, dues, penalties, assessments, etc., under the laws or by-laws referred to in the mortgage. Possibly, however, the complaint was sufficient to withstand a demurrer for the reason that it may be, at least, said that it contained facts sufficient to constitute a cause of action upon the note, as it appears from the record that the action was commenced after the time fixed in the note for its maturity.

The trial court sustained a demurrer to several paragraphs of appellant's answer, and these rulings are assigned as error. But as the judgment must be reversed and remanded to the lower court, upon another ground, we may properly pass these alleged intervening errors without consideration, as probably appellee can (if the facts will warrant) so amend and frame its complaint as will better enable appellant, upon another trial, to present and have determined the questions involved under the facts alleged in the answer. Upon the trial there was a finding, by the court, that there was due to plaintiff, upon the note in suit, principal and interest, the sum of $60.21, and ten dollars attorney's fees; and over a motion for a new trial, for causes assigned (among which were that the finding was not sustained by the evidence; that it was contrary to the latter, and also to law), judgment was rendered upon the finding for $70.21, and a foreclosure of the mortgage.

We have examined the evidence in the record, and it

conclusively shows, without any contradiction, that appellee was by this action seeking to recover an assessment made upon appellant's stock held by him in the association, and not upon any unpaid principal or interest of the loan embraced in the note. It appeared that he had paid all dues, fines and penalties upon this stock up to March 29, 1893, which was the date of the expiration of the series to which his stock belonged; and that the money appellee was seeking to recover by this action was a sum growing out of an assessment made on June 13, 1893. The evidence further shows that the association had sustained no losses, but how or in what manner the assessment was made is not disclosed. It is a well recognized principle of law that a case must be put upon trial upon a definite theory. This theory, the complaint must outline, the evidence sustain, and the law support. A party to recover against his adversary must do so *secundum allegata et probata.*

The evidence, at least, must substantially correspond with and support the allegations, and be confined to the point in issue.

In the case at bar the complaint presented one theory, and the evidence disclosed a substantially different one; and viewed in the light of the rule above stated, the finding of the court was not sustained by the evidence, and was contrary thereto, and the motion for a new trial should have been granted.

We need not, and do not, decide the question whether, under the facts, had the action been based upon a proper complaint, appellee would have been entitled to recover.

In the case of *Wohlford* v. *Citizens' Building Association,* 140 Ind 662 (29 L. R. A. 177), this court held that the assessment made upon the members' stock in that case, under the facts therein, was authorized, and that assessments warranted by the char-

ter or laws pertaining to such associations, or by the by-laws thereof, may be included in, and covered by, the note or mortgage of the borrowing member; and, upon default of payment, an action for the recovery thereof may be instituted thereon.

For the error in overruling the motion for a new trial, the judgment is reversed, and the cause remanded, with instructions to the lower court to sustain the motion for a new trial, and to grant appellee leave, upon request, to file an amended complaint, and for further proceedings in accordance with this opinion.

Filed November 25, 1895.