MISSISSINEWA MINING COMPANY *v.* ANDREWS ET AL.

[No. 2,864. Filed June 14, 1899.]

EVIDENCE.—*Burden of Proof.—Negative Averments.*—Where a complaint in an action against a lessee of land for natural gas purposes alleged that by the terms of the lease the lessee agreed to complete a well within one year, and in default thereof would pay to lessor a certain annual rental, and that lessee failed to put down a well, and no evidence was introduced to show that no well had been put down, a judgment in favor of plaintiff for such rent will be reversed. *pp. 526-529.*

Mississinewa Mining Co. *v.* Andrews.

JUDGMENT. — *Complaint.* — *Special Findings.* — *Variance.* — A complaint in an action for rent alleged that plaintiffs, husband and wife, were the owners of the real estate. The special findings showed that the husband alone was the owner. *Held*, that a judgment in favor of plaintiffs jointly will not be reversed on account of such variance, where no objection or motion to modify the judgment for such reason was made. *pp. 529, 530.*

COMPLAINT. — *Gas and Oil Lease.* — *Action for Rent.* — *Sufficiency of Complaint.* — A complaint for rent due on a gas and oil lease which alleges that plaintiffs were the owners of the leased premises; that they leased it to defendant for gas and oil purposes; that it agreed to drill a well within a certain specified time, and in case such well was not drilled it was to pay a fixed annual rental; that the well was not drilled, and that there was due and unpaid $55, the amount of six months' rental, states a cause of action. *p. 530.*

From the Grant Superior Court.     *Reversed.*

*John A. Kersey*, for appellant.

*H. J. Paulus* and *O. L. Cline*, for appellees.

WILEY, J.—Appellees sued appellant to recover damages growing out of the alleged violation of a lease. The complaint is in one paragraph, and avers that on November 4, 1892, appellees leased to appellant certain real estate, describing it; that appellant accepted said lease, and entered into possession of said real estate, and continued to hold and occupy the same to April 4, 1897; that, by the lease, appellant agreed that it would complete a gas well on the real estate within one year from the date of the lease, and that in default thereof it would pay appellees a yearly rental of $110 from the expiration of said year, for putting down such well, until such well should be put down; that appellant failed to put any well down on said premises, and, by reason of such failure, appellant is indebted to appellees in the sum of $55, as rental under said contract for the period of six months beginning November 4, 1896. A copy of the lease accompanies the complaint as an exhibit. By the terms of the lease, the appellant was to have and hold the real estate for two years, and as much longer as gas or oil were found in paying quantities, or the rental paid thereon. The

lease further provided that appellees were to have free use of the premises for farming purposes, except such parts as might be necessary for the operation of such wells, and that no well should occupy more than half an acre. The lease also contains the following provision: "It is fully understood by and between the parties hereto that the rights and privileges herein conferred shall be construed to mean simply a lease of privilege to drill and operate, as above set forth, for gas and oil; and any attempt on the part of the second parties to exceed the privileges granted, as so construed, shall render the same liable for trespass; and furthermore work a forfeiture of all rights conferred, and this instrument shall become null and void."

A demurrer to the complaint for want of facts was overruled, and appellant answered by general denial and set-off. Upon the issues being joined, the cause was tried by the court, and, upon proper request being made, the court made a special finding of fact and stated its conclusions of law thereon. Upon the conclusions of law judgment was rendered for appellees in the sum of $36.60. Appellant's motions for judgment and for a new trial were respectively overruled. The errors assigned are: (1) The court erred in overruling the demurrer to the complaint; (2) the court erred in overruling the defendant's motion for judgment on the special finding of facts; (3) the court erred in overruling the motion for a new trial.

We will consider the questions presented in the order in which appellant's counsel have discussed them. To do this, however, it is necessary to state the facts specially found. Those that have any bearing upon the questions to be decided are as follows: That on November 4, 1892, appellee Robert Andrews was the owner and in possession of the real estate described in the complaint and lease; that he is still the owner of said lands; that appellee Mary Andrews is his wife, and has been since November 4, 1892; that on November 4, 1892, appellees executed the lease sued on (the

findings set out the lease in full); that said lease was acknowledged and recorded in the recorder's office of Grant county; that appellant paid Robert J. Andrews a yearly rental for delay in the completion of a gas well $110 for the year ending November 4, 1895, and for the year ending November 4, 1896, a like sum; that appellant "had drilled no gas well on said leased premises;" that appellant has paid nothing for or on account of said leased premises except said $220; that on May 22, 1897, appellant returned said lease to appellee Robert J. Andrews; that within thirty days after the execution of the lease, appellant laid its pipe-line over and across said leased premises for the purpose of conveying gas to the appellee Robert J. Andrews for domestic purposes, etc.; that on April 1, 1897, appellant removed said pipe-line so laid, but left on said lands pipes necessary to furnish gas to said Robert J., to be used by him for domestic purposes; that, ever since said lease was executed, the said appellee Robert J. has resided on the premises, and farmed the same; that appellant has supplied appellee Robert J. with gas from April 1, 1897, to the time of the trial, and that such gas so furnished and used by him was of the value of $18.40; that there was due appellee Robert J., on said contract, April 1, 1897, $55, and that the balance due him is $36.60. The conclusion of law stated by the court is as follows: "From the foregoing facts, my conclusions of law are: That plaintiff should recover from the defendant the sum of $36.60." The judgment rendered is as follows: "It is therefore considered and adjudged by the court that the plaintiff recover of and from the defendant * * * the sum of thirty-six & 60-100 dollars," etc.

In its motion for a new trial, appellant assigned two reasons: (1) That the findings of the court were contrary to the law; (2) that the findings of the court were not sustained by sufficient evidence.

It is plain that appellees based their right to recover upon the facts, as alleged, that appellant had not put down a gas

well, acording to the terms of the lease, and before they were
entitled to recover it was necessary for them to prove that
fact.    The court found as a fact that "appellant had drilled
no gas or oil well on said leased premises."    It is urged by
appellant that there is no evidence to support this finding,
and hence the finding is contrary to law and is not supported
by sufficient evidence.    Under the lease, no rental could
accrue except appellant failed to put down a well, and it is
for such alleged failure that appellees averred in their com-
plaint that "defendant owes plaintiffs fifty-five dollars as
rental under said contract."    No other or different cause of
action is stated in the complaint, and appellees must recover,
if at all, for the alleged breach of appellant's failure to put
down a well.    Appellant pleaded the general denial, and
this put appellees upon proof of every material averment of
their complaint.

The evidence in the case is very brief.    Appellee, Robert
J. Andrews, was the only witness who testified on behalf of
the appellees.    He testified to the execution and delivery of
the lease; that appellant paid him $110 for rental when the
lease was executed; that about eighteen months thereafter,
it paid him an additional $110; that he had not been paid any
rental since November 4, 1896, and that appellant turned
over to him the lease May 22, 1897.    He also testified that
he occupied and farmed the premises during all this time.
The only witness who testified on behalf of appellant was one
John W. Huff.    His evidence related to the value of the gas
used by appellee Robert J. Andrews, for which appellant
sought to recover as a set-off, and some other immaterial mat-
ters.    Appellant also introduced in evidence the lease sued
on.    This was all the evidence given in the case.    There is
not a word of evidence in the record showing that appellant
had not put down a well, acording to its contract, or any evi-
dence from which such fact could reasonably be inferred.

It is settled in this State that a plaintiff must recover ac-
cording to the allegations of his complaint and the proofs,

and not according to either alone. *Long* v. *Doxey*, 50 Ind. 385. In *Cummings* v. *Citizens, etc., Assn.*, 142 Ind. 600, the court, by Jordan J., said: "It is a well recognized principle of law, that a case must be put upon trial upon a definite theory. This theory the complaint must outline, the evidence sustain, and the law support." In the case of *City of New Albany* v. *Endres*, 143 Ind. 192, it was said: "It, however, is settled law that where a negative is essential to the existence of a right, the party claiming the right has the burden of proving such negative." Citing *Boulden* v. *McIntire*, 119 Ind. 574, and authorities cited; *Goodwin* v. *Smith*, 72 Ind. 113; *Vail* v. *McKernan*, 21 Ind. 421, *Maynes* v. *Moore*, 16 Ind. 116. See, also, 5 Am. & Eng. Ency. of Law (2nd ed.), pp. 28-31, also p. 23, note 4. Authorities might be multiplied in support of the proposition under discussion, but the rule is so well established that it is unnecessary to do so. As we have seen, the alleged failure of appellant to put down a well, according to the terms of the lease, is the breach of the contract of which appellees complain, and upon which they rely for a recovery. It follows, therefore, that they averred a negative, in that appellant did not put down a well, and as proof of such negative fact was essential to a recovery, it was likewise essential for the evidence to establish such fact. The court had no right to find that such fact existed, in the absence of any evidence in support of it, or in the absence of any evidence from which such fact might reasonably be inferred. There is no such evidence in the record, and hence the finding of the fact is wholly unsupported. It is not a question of the sufficiency of the evidence to support the fact, nor a question as to the weight of the evidence, but it is a question of the total failure of the evidence as to such fact. Hence we are not infringing the rule that the appellate tribunal will not weigh the evidence, where there is a conflict. If, as alleged, appellant had failed to put down a well, it was cer-

tainly susceptible of direct proof, and why such proof was not made the record fails to disclose. All we decide is that there was no evidence of the fact, and no evidence from which the fact could reasonably have been deduced. For this reason, appellant's motion for a new trial should have been sustained.

Appellant next insists that it was entitled to judgment on the special finding of facts. This insistence is urged upon the ground that the complaint avers that appellees were the owners of the real estate described in the lease and complaint, and the special findings show that Robert J. Andrews was the owner. It is argued that there is such a variance between the facts charged and the findings in relation thereto that a judgment in favor of appellees cannot stand. We are clear that, under the special findings, the appellee Mary Andrews was not entitled to judgment. It is shown that Robert J. Andrews was the owner of the real estate, and hence it follows that he alone was entitled to recover the rental therefor upon the alleged breach of the contract. Appellee Mary was not entitled to any part of the judgment, and, in fact, was not a necessary party to the action. As is shown by the record, the judgment was rendered jointly in favor of both appellees, but no objection was made to this, and there was no motion to modify the judgment. Section 568 Horner 1897, is as follows: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, [the court] when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves." In *Nicodemus* v. *Simons*, 121 Ind. 564, it was said that this is a very liberal statute and is in accord with the spirit of the code of which it is a part. It was also said: "Keeping in mind the language of the said section of the statute, and the spirit of the code in which we find it, we can

VOL. 22—34

but come to the conclusion that it was the intention of the law-giving power by the enactment of such section, in all actions having more than one party plaintiff or more than one party defendant, to confer upon the courts power to brush aside all technical objections which disregard what is substantive, and depend upon mere form, and to render judgment according to the rights of the parties as disclosed by the evidence and embraced within the subject-matter covered by the issues tendered." And so in that case it was held that where two or more parties bring a joint action, alleging a joint cause of action, and it turns out upon trial that upon the facts alleged in the complaint, some, but not all, of the plaintiffs are entitled to recover, the court or jury, as the case may be, will so find, and judgment will be rendered accordingly, citing many authorities. Under this statute and the decisions cited, appellee Robert J., if the facts warranted, might have recovered a judgment in his own right, notwithstanding the fact that the complaint stated a joint cause of action with his wife. And, under the facts found, judgment might properly have gone in his favor, for it was found that no well had been drilled, and that the rental was due and unpaid. Under these facts, and the law as declared in *Nicodemus* v. *Simons, supra,* and cases there cited, appellant was not entitled to judgment on the special findings, and there was no error in overruling his motion therefor.

Appellant next urges that the complaint is bad, and that the demurrer thereto should have been sustained. It seems to us that the complaint states a cause of action in appellees. It avers that they were the owners of the real estate; that they leased it to appellant for gas and oil purposes; that it agreed to drill a well within a specified time; that, in case such well was not drilled, it was to pay them a fixed annual rental; that said well was not drilled, and that there was due and unpaid $55, which was the amount of six months' rental from November 4, 1896, to the time when appellant sur-

rendered the lease and abandoned the premises. These facts show a right of action in appellees, and the demurrer to the complaint was properly overruled. For the error in overruling appellant's motion for a new trial, the judgment is reversed, and the court below is instructed to grant a new trial.