## New Castle Bridge Company v. Steele.

### [No. 5,717.    Filed June 6, 1906.]

1. TRIAL. — *Pleading.* — *Proof.*—*Variance.*—*Negligence.*—Where the complaint alleges injuries caused by the negligence of defendant in the use of rotten and insufficient timbers in a derrick and the proof shows injuries caused by the breaking of an iron hook connecting a guy wire to the top of the mast, there is a fatal variance.    p. 195.

2. APPEAL AND ERROR.—*Answers to Interrogatories.*—*New Trial.*—Where the record on appeal is such that the Appellate Court cannot say that plaintiff cannot recover, a new trial will be ordered, although technically the defendant would be entitled to judgment on the answers to the interrogatories to the jury. p. 195.

From Marion Circuit Court (12,494); *Henry Clay Allen,* Judge.

Action by William F. Steele against the New Castle Bridge Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Elmer E. Stevenson,* for appellant.

*John M. Bailey* and *W. E. Bailey,* for appellee.

New Castle Bridge Co. v. Steele—38 Ind. App. 194.

ROBY, J.—Action by appellee for the recovery of damages on account of personal injuries alleged to have been caused to him by appellant's negligence. The complaint is in four paragraphs; the issue was made by general denial. Trial resulted in a verdict for $2,000. Appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, was overruled, as was also its motion for a new trial.

Appellee was an employe of the appellant as a laborer and was injured by the fall of a derrick. The answers to interrogatories state that the derrick fell because of the breaking of an iron hook connecting a guy wire to the top of the mast. The negligence alleged in the complaint is that the timbers of the derrick were rotten and insufficient. In that connection it is averred that the derrick had, by reason of long use, become weak, cracked and rotten in all its parts, including attachments at both ends, but if such averments can be considered as counting upon the defective hook, such construction will not avail appellee, there being no evidence that the defect in the hook was discoverable by inspection. The jury, in answer to interrogatories, say that the hooks were in good condition when put up; that they had been in use about two years, and that it was ordinarily safe to use said hooks for from twelve to fifteen years, and that they were apparently in good condition just before the accident. There being no negligence shown in regard to the inspection of the attachment which broke, there was no basis for a verdict, an employer not being bound to guard against dangers of a character he cannot forsee, in the exercise of reasonable care. *Lake Shore, etc., R. Co. v. Kurtz* (1894), 10 Ind. App. 600.

We are not prepared to say that the appellee should not recover, and for that reason a new trial will be ordered.

Judgment reversed, and cause remanded, with instructions to sustain appellant's motion for a new trial and for further consistent proceedings.