STATE COUNCIL OF THE ORDER OF UNITED AMERICAN MECHANICS OF THE STATE OF NEW YORK, Appellant, *v.* HEZ. HOTALING and Others, Respondents.

Third Department, November 13, 1918.

Corporations — benevolent and fraternal organization — United American Mechanics — provisions of constitution and charter to subordinate council construed — right of State council to recover from individual members of subordinate council moneys divided by it prior to its voluntary dissolution.

Where a State council of the "United American Mechanics," a national fraternal organization organized for benevolent and humanitarian purposes, was duly incorporated by chapter 539 of the Laws of 1874, and thereafter issued a charter to a subordinate council of the order, which charter pursuant to the provisions of the constitution of the State council provided that should the subordinate council "be dissolved by forfeit of this charter, or otherwise, then all property, moneys, books and papers, the property of said council, shall become the property of the State Council of New York," and the subordinate council after twenty-three years disbanded and surrendered its charter, but before doing so divided among its members an accumulation of moneys received from initiation fees, dues, entertainments and other sources, and said members claimed that such moneys constituted a "sick and funeral" fund, accumulated by their contribution for a particular purpose, and that the State council had no corresponding fund, a judgment dismissing the complaint in an action by the State council against the individual members of the subordinate council to recover of each one, individually, the distributive shares so received by them should be reversed and a new trial granted.

It is of no importance that the State council had established no "sick and funeral" fund, since its constitution provides that all funds received by it from any subordinate council shall be kept separate and apart, and shall be used in the manner indicated.

APPEAL by the plaintiff, State Council of the Order of United American Mechanics of the State of New York, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Ulster on the 1st day of November, 1917, dismissing the complaint upon the merits upon a decision of the court after a trial before the court without a jury.

*Wendell & Sponable* [*Fox Sponable* of counsel], for the appellant.

*Amos Van Etten* and *Earle H. Houghtaling,* for the respondents.

COCHRANE, J.:

There is a national fraternal organization known as the " United American Mechanics " organized for benevolent and humanitarian purposes. It is subdivided into State councils for different States and each State council in turn is subdivided into subordinate or local councils. Plaintiff is the State council within this State and was duly incorporated by special act of the Legislature, being chapter 539 of the Laws of 1874. In the year 1890, by virtue of its act of incorporation as well as by the rules and constitutions of the National and State organizations, the plaintiff issued a charter to " a Subordinate Council of the Order, to be known by the title of Ulster County Council, No. 40, of the State of New York, to be located at Rondout, State of New York." This subordinate council continued in existence until the year 1913 when it voluntarily disbanded and surrendered its charter. But before doing so it divided among its members then existing the money which it had accumulated amounting to $1,326.35. This action is brought against the individual members of the subordinate council to recover of each one individually the distributive shares so received by them as aforesaid.

The act incorporating the plaintiff (Laws of 1874, chap. 539) empowers it (§ 3) to grant charters to subordinate councils " according to the regulations, by-laws, rules and constitution adapted to govern the same." Section 4 of the act provides that the constitution and by-laws of the plaintiff in force at the time of its enactment shall be good and valid until changed by plaintiff. The objects of the plaintiff are declared in section 6 to be the same as set forth in its constitution as follows: " *First.* To assist each other in obtaining employment. *Second.* To encourage each other in business. *Third.* To establish a sick and funeral fund. *Fourth.* To establish a fund for the relief of widows and orphans of deceased members. *Fifth.* To aid members who,

through Providence, may have become incapacitated from following their usual avocations in obtaining situations suitable to their condition." The constitution of the plaintiff provides for uniform constitutions to each of its subordinate councils (Art. XI of plaintiff's constitution, § 1), and these latter instruments declare the objects of the subordinate councils to be the same as those specified in section 6 of the act incorporating the plaintiff. Hence by act of the Legislature, by the constitution of the plaintiff, and by the constitution of its subordinate councils, the purposes of the State and subordinate councils are identical.

The constitution of the plaintiff provides in section 3, article XII thereof: " The funds and properties of a Subordinate Council are held only in trust for charitable purposes, and the donating or in any manner dividing them among the members individually, or the use of any part thereof for festivals or pleasure excursions are strictly prohibited." In section 4 it is provided that on surrender or forfeiture of the charter of the subordinate council it shall be the duty of its officers and members to deliver its property and funds to the State council. Section 5 of article XII of the plaintiff's constitution provides: " All effects or funds received by the State Council from any Subordinate Council under the last section shall be kept separate and apart from the property or funds of the State Council," and in case the subordinate council is not restored to membership within three years "-the funds of said Council shall be disposed of or used under the direction of the State Council in aiding or assisting any Subordinate Council needing assistance, or to such other charitable purpose as in their judgment may be deemed advisable."

The charter of the subordinate· council issued to it by plaintiff by virtue of the aforesaid statute contains this provision: " Should said Council, No. 40, be dissolved by forfeit of this charter, or otherwise, then all property, moneys, books and papers, the property of said Council, shall become the property of the State Council of New York."

It is claimed by the defendants that the funds in question constituted a " sick and funeral " fund accumulated by contributions of the members of the subordinate council for a particular purpose and that the plaintiff has no corresponding

fund and that it would be inequitable for the plaintiff to take a fund thus raised for a particular purpose and appropriate it to its own purposes and this consideration seems to have influenced the decision herein.  This statement, if accurate, does not obviate the point that the subordinate council in the charter which it received from the plaintiff by statutory authority contracted to do that very thing in the event of its dissolution.  But the statement is incomplete and because of its incompleteness is inaccurate.  The fund was not created distinctly as a sick and funeral benefit fund or for any other purpose, but is the accumulation of moneys received by the subordinate council from the initiation fees and dues of its members and from entertainments and other sources for twenty-three years, the period of the life of the subordinate council. After paying rents, salaries of local officers and other running expenses, the balance on hand constituted the fund in question. It is true that the by-laws of the subordinate council provided for sick and funeral benefits and that the principal disbursements were for those purposes.  But the fund was subject to any legitimate purpose within the purview of the constitution and by-laws of the subordinate council.  The one purpose above all others to which the fund could not be applied under the constitution of the plaintiff (Art. XII, § 3) and under the charter which the subordinate council received from the plaintiff was the application which was in fact made, namely, the distribution thereof among the members of the subordinate council.  This distribution was likewise a defiance of the legislative purpose as expressed in section 6 of the act incorporating the plaintiff and declaring its objects.  The objects of the subordinate council as stated in its constitution are precisely the same as the objects of the plaintiff as stated in its act of incorporation.  The scheme of the organization is that the State council accomplishes its benevolent and humanitarian purpose through its various subordinate councils. The latter extend their pecuniary assistance to their particular members in proper cases and thus accomplish the aims and purposes of the parent council.  But when as in this case a subordinate council becomes extinct then the parent council takes possession of its property and money and uses it under

its act of incorporation for precisely the same purposes as the subordinate council would use it under its charter from the State council and appropriates it either directly for such purposes or distributes it to other subordinate councils to be used for the same purposes. In any event the fund is to be devoted to purposes of charity within the purview of the constitutions of the subordinate councils, the only difference of course being that the subordinate council which accumulated the fund would distribute it to different recipients than would the other councils. It is of no importance that the plaintiff had established no sick or funeral fund or other fund. Section 5 of article XII of its constitution as above indicated provides that all funds received by it from any subordinate council shall be kept separate and apart and shall be used in the manner indicated in said section, and the failure of the plaintiff to establish corresponding similar funds of its own is unimportant as bearing on the question here presented.

In the case of *State Council of the Order of United American Mechanics* v. *Sharp* (38 N. J. Eq. 24) the plaintiff was the State council of the State of New Jersey of the " United American Mechanics," the organization in question, and brought the action under exactly similar conditions as exist in this action, and it was held that the plaintiff could recover. The court said: " The defendants have willfully violated the law of the society in dividing up its funds among themselves and taking them to their own use. Of these funds, part, at least (that called the widows' and orphans' fund), was the accretion of years, and it is highly probable that others than they made some of the contributions from which, during those years, it has been accumulated. But from whomsoever derived, the money in question, the council and widows' and orphans' funds, was contributed under the charter for and dedicated to certain specified purposes, for which it was, from the time when it was contributed, held in trust by the society and its officers to whose hands it was committed or to whose control it was subjected. It was held by them subject also to the trust to pay it over to the State council in case of the dissolution of the subordinate one. The defendants therefore had no right to take the money. It is within the jurisdiction of this court to grant the relief which the com-

plainant seeks." In the case of *Grand Lodge, Knights of Pythias of New Jersey,* v. *Germania Lodge, No. 50* (56 N. J. Eq. 63) an action was successfully maintained under exactly similar conditions, the court saying: " It is familiar law that funds accumulated as were those here in question become, as soon as paid in, impressed with a trust with all its consequences. In this case the terms of the trust are found in the constitutions of the supreme, grand and subordinate lodges, and the laws of the former and by-laws of the latter. The funds being impressed with such a trust cannot lawfully be diverted therefrom, and all persons aiding and assisting in such diversion are guilty of a breach of trust and liable for the consequences." (Citing many cases.) If those cases were correctly decided the plaintiff here should have a recovery.

In the case of *State Council Junior Order of United American Mechanics of Pennsylvania* v. *Emery* (219 Penn. St. 461) the plaintiff was the State council of the State of Pennsylvania of the " United American Mechanics," the organization in question, and brought the action under dissimilar conditions and failed to recover. There are several points of dissimilarity, only one of which need be mentioned. A dispute had arisen and the State council had revoked the charter of the subordinate council. That distinction indicates the fallacy of the defendants' position herein. They rely on a line of cases where the parent body has attempted to impose discipline on the subordinate body or by its own edict or decree has declared a forfeiture of its rights or confiscation of its property. The distinction is manifest in the adjudications in this and other States, some of which are here referred to.

In *Wicks* v. *Monihan* (130 N. Y. 232) it was said: " As before stated, this case was not tried upon a theory that the organizations which constitute the order of Knights of Labor are bound together by any contract, or that Local Assembly No. 4119 had contracted with the General Assembly that, under certain circumstances, its property should be transferred to and become that of the General Assembly; but upon the theory that the General Assembly was vested with governmental powers, and could by its edicts divest the title of any District or Local Assembly to its property and vest it in itself without a hearing. This position cannot be sustained."

In *Koerner Lodge, No. 6, K. of P.* v. *Grand Lodge K. of P. of Indiana* (146 Ind. 639, 655) the whole point of the litigation was whether the subordinate body had voluntarily dissolved itself, the court saying: " The complaint proceeds upon the theory that appellant Koerner Lodge, on September 10, 1894, by its own action, dissolved and disbanded, and by reason thereof, under the laws, rules, and regulations of the Order of Knights of Pythias, and especially by virtue of the constitution of appellee, the latter became the owner in trust and entitled to the possession of the money and property held by the former at the time of its alleged dissolution. In *Cummings* v. *Citizens', etc., Assn.*, 142 Ind. 600, in considering the theory of a case, we said: ' This theory the complaint must outline, the evidence sustain, and the law support.' The question, therefore, as to the right or title of appellee to the money and property, as presented by the theory of its complaint, must ultimately depend upon whether the evidence sustains the alleged dissolution of appellant as a subordinate lodge."

In *Grand Lodge, Independent Order of Odd Fellows* v. *Barker* (139 Mich. 701) the subordinate lodge became defunct and surrendered its charter. The plaintiff was the parent body. The opinion contains the following: " The lodge received the money. If any of this or other money remained in the treasury at the time the lodge disbanded, it admittedly belonged to the complainant and it could sue the parties who had the money. If it had been divided among the members it could be recovered back from them."

In the present case the plaintiff is not responsible for the existing conditions. The subordinate council voluntarily disbanded. When it did so, liability to the plaintiff followed, not by reason of any affirmative declaration of forfeiture or confiscation by the plaintiff as in the cases cited by defendants, but solely as the result of contractual relations existing between it and the subordinate council fortified and enforced by the statute creating the plaintiff and recognizing its rights. The defendants did not create the fund in question except as their initiation fees and dues in common with those of all of the members of the subordinate council during the twenty-three years of its existence helped to create the same. The court

below rightly said it was wrong for these defendants to appropriate the fund. The authorities so far as applicable hold, not only that it was wrong for the defendants to take the money, but that it is also right for the plaintiff to recover it of them, and we have discovered no authority holding a contrary view applicable to the facts here existing.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide the event.