## NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* KING.

[No. 12,513.    Filed December 22, 1926.]

1. NEGLIGENCE.—*Plaintiff can only recover on proof of specific negligence alleged.*—Where a plaintiff alleged specific negligence of the defendant as the cause of his injury, he could recover only upon proof of such negligence. p. 512.

2. APPEAL.—An appellate tribunal does not weigh the evidence. p. 512.

3. MASTER AND SERVANT.—*Doctrine of res ipsa loquitur not involved when specific negligence of defendant alleged.*—Where complaint for personal injuries alleged specific negligence of the defendant as the cause of plaintiff's injuries, without any allegation of general negligence, an instruction submitting the doctrine of *res ipsa loquitur* was reversible error (*Pittsburgh, etc., R. Co.* v. *Boughton,* 81 Ind. App. 129, distinguished). p. 514.

4. TRIAL.—*Instruction that jury would be authorized to infer defendant's negligence from facts and circumstances proved held to invade province of jury when specific negligence alleged was not proved.*—In an action for personal injuries, in which the complaint charged specific negligence of the defendant as the sole cause of the injuries, an instruction that the jury would be authorized to infer from all the facts and circumstances given in evidence that the defendant was guilty of the specific negligence charged, was an invasion of the province of the jury. p. 514.

From Marion Superior Court (A 26,639); *James M. Leathers,* Judge.

Action by Millard King against the New York, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*Pickens, Davidson, Gause & Pickens* and *Russell P. Harker,* for appellant.

*Thomas H. Fittz* and *William P. Evans,* for appellee.

NICHOLS, J.—Action for damages for personal injuries sustained by appellee while employed by appellant in loading rails, such injuries alleged to have been caused by the negligence of a fellow-servant.

New York, etc., R. Co. *v.* King—85 Ind. App. 510.

It appears by the complaint, which is in one paragraph, that appellant was at the time of the accident which resulted in the injury of appellee, engaged in interstate commerce, and at that time it was loading old rails into cars at Frankfort, Indiana, to be shipped to points in Arkansas and Illinois. Such rails were being loaded by means of a magnet operated by a derrick. The rails were lifted by the magnet and carried to the place on the cars where they were to be deposited. The specific act of negligence charged against appellant is that, at the time the rails were being lowered over the car, appellee reached up to guide them into the proper place on the car, when appellant's employee in charge of the derrick negligently failed to slowly lower said rails over and on said car; and that said employee then and there negligently and suddenly dropped said magnet and said rails on to appellee, striking him on his forehead and in his right eye, and knocking him off the car and on to the ties and road bed of appellant's railroad, thereby fracturing his skull and otherwise injuring him. It is to be observed that there is no general charge of negligence against appellant. Appellant filed an answer in general denial and an affirmative answer of assumption of risk which is not involved in this appeal. There was a trial by jury, which resulted in a verdict of $3,350 against appellant, on which, after appellant's motion for a new trial was overruled, judgment was rendered. The error relied upon is the action of the court in overruling appellant's motion for a new trial, the reasons for which being: (1) That the verdict of the jury is not sustained by sufficient evidence; (2) that it is contrary to law; and (3) that the court erred in giving to the jury certain instructions, instruction 15 hereinafter set out being the only one challenged on appeal.

In order for appellee to recover in this case, it was

necessary for him to establish by a preponderance of all of the evidence that appellant's employee in charge of the derrick negligently failed to slowly lower said rails over and on said car, and that he then and there negligently suddenly dropped said magnet and rails, for this is the negligence charged in the complaint. It is fundamental that, in civil actions, a plaintiff must recover upon the case he makes in his complaint or not at all; that he cannot sue on one state of facts and recover upon another. *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 354, 91 N. E. 941; *Long* v. *Doxey* (1875), 50 Ind. 385, 390; *Newcastle Bridge Co.* v. *Steele* (1906), 38 Ind. App. 194, 78 N. E. 208; *Mississinewa Mining Co.* v. *Andrews* (1899), 22 Ind. App. 523, 54 N. E. 146.

Appellee was the only witness that testified that the rails dropped, and he had his back to the operator of the derrick, and did not see him, and could give no reason for the rails dropping. There is much conflict in the evidence as to whether appellee was injured as charged in his complaint, and three witnesses testified positively that the rails were not dropped, that they did not strike appellee at all, that he was not in reach of them, and that he simply stepped backward off the car without being struck. But we do not weigh the evidence.

Under this state of the evidence and of the pleadings, the court gave, with other instructions, instruction No. 15, which is as follows: "I instruct you as a matter of law, that the general rule is that negligence is never presumed, but must be proved. The only exception to the application of this general rule of law arises in that class of cases where the principle or doctrine known in law as *res ipsa loquitur* is held to apply. This doctrine of *res ipsa loquitur* applies only to those exceptional cases wherein a thing is shown to be under the management of the defendant and his employees, and

the accident is such as in the ordinary course of things does not happen if those who have the management thereof exercise reasonable and ordinary care.

"I instruct you, therefore, that it is the law, as I have already stated, that before the plaintiff can recover in this case he must establish by a fair preponderance of the evidence the specific act or acts of negligence charged in his complaint and that such negligence was the proximate cause of his injuries; but I also instruct you that while plaintiff is so bound under the law to establish by the fair preponderance of the evidence the negligence charged as being the proximate cause of his alleged injuries, nevertheless the plaintiff is not in so doing, limited or restricted to direct evidence, but that plaintiff may, in the absence of direct evidence to establish or prove the negligence alleged in his amended complaint, if you find from all the evidence given in the cause that such sudden dropping of the rails in question proximately caused the alleged injury to plaintiff you may in connection with all the facts and circumstances shown in the evidence, consider the fact if it be a fact shown and established by direct evidence, that the alleged injury of plaintiff was caused by the sudden dropping of said rails at the time and place in question; and from all the facts and circumstances given in the evidence upon the question or issue as to whether defendant's said employee was or was not guilty of negligence as charged, you will be authorized or warranted in concluding or inferring that defendant's said employee at the time and place in question was guilty of the specific negligence alleged in plaintiff's amended complaint."

The court's explanation of the doctrine of *res ipsa loquitur* is but an amplification of the usual and literal translation that "The thing speaks for itself." Had

there been a charge of general negligence, the
3, 4. doctrine might have been applicable to the facts
and circumstances of this case. It also seems to
the court that the latter part of the instruction in the
form of its expression is an invasion of the province of
the jury. In *Artificial Ice, etc., Co.* v. *Waltz* (1925),
—— Ind. App. —— , 146 N. E. 826, and in *Baltimore,
etc., R. Co.* v. *Hill, Admr.* (1925), 84 Ind. App. 354, 148
N. E. 489, there was a charge of general negligence, and
this court held that the doctrine applied, but in *Pitts-
burgh, etc., R. Co.* v. *Boughton* (1924), 81 Ind. App. 129,
142 N. E. 869, 871, there were two paragraphs of com-
plaint, the first charging general negligence and the
second charging specific acts of negligence, and it was
held that the fact that the second paragraph charged
specific facts did not make an instruction embracing the
doctrine of *res ipsa loquitur* reversible error, the court
holding that the instruction was applicable to the evi-
dence and to the issues presented by the first paragraph,
and citing as authority *Feldman* v. *Chicago R. Co.*
(1919), 289 Ill. 25, 124 N. E. 334, in which case, two
paragraphs of the complaint contained usual, or gen-
eral, charges of negligence, and two contained specific
charges of negligence. It was there conceded that the
rule was not applicable to the paragraphs charging spe-
cific acts of negligence, but it was held that the doctrine
applied where there was another paragraph charging
negligence generally. In the instant case, however,
there is but one paragraph of the complaint and it
charges specific negligence. In *King* v. *Davis* (1924),
296 Fed. 986, it was urged by the appellant that the
doctrine of *res ipsa loquitur* should be applied, but the
court said that the doctrine might be invoked only
where the facts of the occurrence warrant the inference
of negligence, and the pleader, because of the nature of
the case, is not able to point out the specific act which

caused the injury complained of, and then held that, as the pleader knew the acts of negligence on which she relied, she was required to prove them, or some of them, without the aid of the presumption which flows from the application of the doctrine of *res ipsa loquitur*. Under these authorities, we must hold that it was reversible error to give the instructions complained of.

Judgment reversed.