M. Henry Martuscello, J.
Plaintiffs in this action are the International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery "Workers of America, CIO, by its president, Karl Feller and Fred Sickles as trustee for nine defendant local unions affiliated with and subordinate to the plaintiff international union. Since the year 1886 plaintiff international union representing the persons employed in the brewery, malt, flour, grain elevator, yeast, cereal, vinegar, alcohol, wine, ale, beverage, mineral water and distilling industries has had a written constitution for the government of the said international, its affiliated local subordinate unions and members. Defendants are the nine local unions and their officers. Plaintiffs sue for an injunction, an accounting and for possession of the funds, property and assets of the defendant local unions predicated in the first cause of action upon the purported disaffiliation of the defendant local unions from the international union in violation of the constitution of the international union and the constitution and by-laws of the defendant local unions. The second cause of action is based on the theory that the disaffiliation of the defendant local unions and their subsequent affiliation with the International Brotherhood of Teamsters, AFL, a rival national labor organization, was null and void and that the individual defendants committed a fraud upon the defendant local unions by conspiring to disaffiliate and by illegally disbursing, transferring, secreting the moneys, funds, assets and records of the defendant local unions. Plaintiffs also allege that the defendants have been notified to cease carrying on their unlawful activities in attempting to disaffiliate from the plaintiff international union and to turn over their funds, assets and records to the plaintiff trustee, but that the defendants have refused to do so.
Plaintiffs move herein for a temporary injunction enjoining the defendants from assigning, transferring or otherwise dis *447 posing of any of the funds and assets of the defendant local unions and directing the defendants to make an accounting of all funds, assets and records and to deliver said property to the plaintiff Sickles, as trustee, and further directing the defendants to cease and desist from holding themselves out as official representatives, successors of the defendant local unions, to cease and desist from interfering with the lawful authority of the plaintiff trustee Sickles, to cease and desist from taking any other steps whatsoever to have the defendant local unions disaffiliated from the defendant international union; to cease and desist from occupying the offices of the said local unions and/or preventing or attempting to prevent the use and occupancy thereof by the plaintiff trustee; to cease and desist from destroying, defacing, removing or concealing any of the papers and assets of the local unions and to cease and desist from collecting- or attempting to collect dues payable to the said local unions and/or to the international union. Plaintiffs also move to amend the title of their action by changing the designation of the plaintiff trustee to read, “ as Trustee for Local 1 International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, C. I. 0. and the membership thereof, etc.”
The law is well established that the constitution of the international union constitutes a binding contract between the international union, its subordinate local unions and its membership. (Polin v. Kaplan, 257 N. Y. 277; Steinmiller v. McKeon, 21 N. Y. S. 2d 621, affd. 261 App. Div. 899, affd. 288 N. Y. 508; Nilan v. Colleran, 283 N. Y. 84.)
In the case at bar the constitution of the international union provides (art. VI, § 14[e]): “ (e) Whenever a local union ceases to be affiliated with the International Union or whenever its charter is suspended or revoked, title to its books and records, property, funds and other assets shall be vested in the International Union and shall be delivered to the Secretary-Treasurer of the International Union or its authorized representative forthwith. Should the local union or its officers fail or refuse to deliver the same, all expenses of whatever nature incurred by the International Union, in recovering- such records, property and funds shall be a lawful charge upon the property and funds involved and on recovery thereof the International Union shall reimburse itself from the property and funds recovered. All property and funds shall be held in trust by the International Union until reorganization has been effected. It shall be returned to the Local when the same has been reorganized. Reorganization shall be effected by and under the direction of the International Union.”
*448 The affidavits submitted by the defendants in opposition to plaintiffs’ motion do not deny plaintiffs’ allegations that the defendants have purportedly disaffiliated from plaintiff international union, nor do they deny that defendants have transferred, used and disbursed the moneys, properties and assets of the defendant local unions in furtherance of their plan to disaffiliate from the plaintiff international union and to affiliate with the rival union, that is, the International Brotherhood of Teamsters, AFL.
From the papers it seems clear that the actions of the defendant local unions and their officers in attempting to disaffiliate from the plaintiff international union are in direct violation of the provisions of the constitution and by-laws of the plaintiff international union and also the defendant local unions. It is also clear that the officers of the defendant local unions were without power to call disaffiliation meetings, particularly when they had apparently accepted official positions with the International Brotherhood of Teamsters, AFL, prior to their calling such disaffiliation meetings. In such respect it is to be observed that section 14 of article III of the constitution of the international union provides: ‘ ‘ Sec. 14. Officers or representatives of Local Unions or officers or representatives of the International Union who accept membership or any official or representative position in a rival or competing labor organization, shall thereby automatically forfeit their membership and official position in the Local and/or International Union, as the case may be.”
As to the defendant Local Unions 1, 24, 59, 69, 345, 54 and 57, no attempt was made by any of these local unions to comply with the provisions of their own constitutions and by-laws in voting to disaffiliate. Their constitutions and by-laws substantially provide: “ This local constitution is at all times subject to the provisions of the International Constitution. Changes or amendments to this Local Constitution and By-Laws may be submitted to any regular meeting in writing. The proposed changes shall be read at three consecutive meetings and shall only be voted upon at a special meeting and must be carried by a two-thirds majority vote of the members present at that Special Meeting and can only be adopted after they have received the endorsement of the General Executive Board of the Internationa] Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America.”
Even assuming the validity of the disaffiliations voted by the members of the defendant local unions, title to and possession *449 of the defendant local unions’ books, records, property, funds and assets upon such disaffiliations is vested in the plaintiff international union pursuant to section 14(e) of article IV quoted above (State Council of Order of United Amer. Mechanics v. Hotaling, 184 App. Div. 750; Wolchok v. Durst, 66 N. Y. S. 2d 295 [App. Term]).
There is also no force to defendants ’ argument that the plaintiff trustee does not have legal capacity to sue. The constitution of the international union provides (art. VI, § 14[a]): “ If the General Executive Board has or receives information which leads it to believe that any of the officers or members of a Local Union are disloyal to the International Union or dishonest or incompetent, or that the local organization is about to secede from the International Union, or that the organization is not being conducted for the benefit of the trade, it may appoint a trustee to take charge and control of the affairs of the Local Union.”
Pursuant to such provision plaintiff trustee was appointed by the president of the international union which had the same effect as if the general executive board of the international union had appointed plaintiff Sickles as the trustee. See section 3 of article VIII which provides: ‘1 Any action taken by the International President shall have the same force and effect as any action taken by the General Executive Board, and shall constitute the action of the General Executive Board unless reversed by action of the General Executive Board.”
It thus appears that by virtue of the designation of plaintiff, Sickles, as trustee of each of the local unions and by reason of the constitution of the international union, plaintiff trustee Sickles was properly authorized to commence the present action on behalf of each of the local unions and the memberships thereof. Plaintiff trustee is suing not only on behalf of the local unions, but also for the “membership thereof” and the plaintiffs’ motion to amend the title of the action to cure the inadvertent omission of the words “membership thereof ” is granted pursuant to section 105 of the Civil Practice Act.
In view of the foregoing, an injunction pendente lite will therefore be granted in favor of the plaintiffs as to the relief sought in items 1(a), 4(a), (b), (c), (d) and (e) of the order to show cause dated July 30, 1953, but same will be inoperative until the third day after service of a copy of the order to be entered hereon, with notice of entry. (Steinmiller v. McKeon, supra; Fitzgerald v. Abramson, 89 F. Supp. 504.) The plaintiffs ’ motion to amend the title of the summons is also granted. *450 Various cross motions made by defendants except motion to dismiss have been withdrawn and marked accordingly. Motion to dismiss denied.
Since there should be a speedy trial of the issues involved herein, issue should be joined promptly and the action will be set down for trial on the Special Term, Part III, Calendar on October 26,1953, subject to the approval of the Justice presiding there at that time. Settle orders on notice.