(90 Misc. Rep. 370)

### ALFRED MARKS REALTY CO. v. "CHURCHILLS."

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

CONTRACTS ⬫303—IMPLIED CONDITION SUBSEQUENT—IMPOSSIBILITY OF PERFORMANCE.

　　Defendant contracted to pay plaintiff upon publication and delivery of one copy for the insertion of its advertisement in a "Souvenir and Program of International Yacht Races." The races were abandoned on account of the war. Plaintiff nevertheless published, by offering for sale, copies of the so-called souvenir, at a date in advance of that fixed for the event. *Held*, that plaintiff could not recover; it being an implied condition of every contract, where performance depends on the happening of an event over which the parties have no control, that the contract shall be abrogated on the nonhappening of the event.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. ⬫303.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Alfred Marks Realty Company against "Churchills." Judgment for plaintiff, and defendant appeals. Reversed.

⬫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

McCombs, Ryan & Gordon, of New York City (Alexander Gordon, of New York City, of counsel), for appellant.

John C. Judge, of Brooklyn, for respondent.

BIJUR, J.   The question in this case is one of law.   Defendant contracted with the plaintiff to pay for the insertion of its advertisement; the contract reading:

"To International Yacht Publishing Co., * * * Publishers of Souvenir and Program of International Yacht Races."

Payment was to be made "upon publication and delivery of one copy of the same.   The international yacht races referred to were those of September, 1914, which were officially called off because of the European conflict.

Although two cases involving the same issue have already been decided adversely to the respondent in the Appellate Term of the Second Department (see Alfred Marks Realty Co. v. Gwilliam Co., 152 N. Y. Supp. 1151, and Same v. George Rector, Inc., 152 N. Y. Supp. 1151), it may not be amiss to call attention to the consideration that this contract falls within the well-established rule that, where the performance of an agreement depends upon the happening of an event over which neither party has any control, an implied condition will be read into the agreement to the effect that the contract shall be abrogated upon the nonhappening of such an event.   See particularly Krell v. Henry, 1903, 2 K. B. 740; also Lorillard v. Clyde, 142 N. Y. 456, 463, 37 N. E. 489, 24 L. R. A. 113; Abbaye v. U. S. Motor Cab Co., 71 Misc. Rep. 454, 128 N. Y. Supp. 697, 699.

It seems too self-evident for argument that a program, in the sense in which it is used in the agreement in question, cannot exist without a series of events to which it relates, and it is still clearer that a souvenir cannot recall what has not taken place.   The contract in this case, therefore, comes very close to expressly calling for the contemporaneous occurrence of an event to which the publication shall be contemporaneous.   The mere fact that plaintiff, for its own convenience or benefit, chose to "publish," in the sense of offering for sale copies of the so-called souvenir and program prior to the date fixed for the event, cannot change the terms of the agreement or impose an obligation upon the defendant other than that contained in the agreement.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.