ALFRED MARKS REALTY CO. v. HOTEL HERMITAGE CO.

(Supreme Court, Appellate Division, Second Department.　December 10, 1915.)

1. CONTRACTS ☞303—PERFORMANCE—SUFFICIENCY—"PUBLICATION."

Where defendant contracted for an advertisement in a program and souvenir of the international yacht races, agreeing to pay therefor "on publication and delivery" of the book, and the races were not held, but the book was issued in limited numbers to those who had subscribed for it, and was placed on sale publicly, there was no "publication" within the sense of the contract, which was abrogated by the failure to hold the races; their holding being an implied condition of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. ☞303.

For other definitions, see Words and Phrases, First and Second Series, Publication.]

2. CONTRACTS ☞303—BREACH—FAILURE OF OBJECT—EFFECT.

Where defendant contracted for an advertisement in a program and souvenir of the international yacht races, agreeing to pay therefor "on publication and delivery" of the book, but the races were never held, because of the war, the defendant was not liable as having failed to guard himself against a vis major; but, the mutually contemplated object having failed, the plaintiff could not exact payment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. ☞303.]

Appeal from Appellate Term, Second Department.

Action by the Alfred Marks Realty Company against the Hotel Hermitage Company. From an order of the Appellate Term, affirming a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Ashton Parker, of New York City (Walter G. Gooldy, of New York City, on the brief), for appellant.

John C. Judge, of Brooklyn, for respondent.

PUTNAM, J. This appeal is from an affirmance of a judgment for plaintiff. In January, 1914, defendant contracted with plaintiff's assignor, the International Yacht Publishing Company, for insertion of its advertisement in a "Souvenir and Program of International Yacht Races," for which defendant agreed to pay "upon publication and delivery of one copy of the same." These books, priced at 25 cents, were to serve as an advertising medium. In the early part of August, some of the books were printed and bound, with defendant's hotel advertisement opposite the picture of a yacht. About 2,500 copies, at 25 cents each, were sold and distributed, and about 400 or 500 copies placed on news stands for sale.

About August 15th or 17th, the Yacht Club committee having charge of the races (in which this publication company had no voice or control) declared the same off, because of the war. The challenger, Shamrock IV, did not arrive till August 20th, and at this time three Ameri-

can yachts were having trials to ascertain which should be chosen to defend the cup in the September races. On August 25th plaintiff's assignor wrote defendant that a sample copy of Souvenir and Program of the International Yacht Races, with defendant's advertisement inserted therein, had been mailed.

"As you are no doubt aware, the cup races have been postponed until 1915 on account of European disturbances. Even without the races, the book as a souvenir is a good seller and a good advertisement. We expect an unprecedented sale before and after the races, many of which have already subscribed for cash in advance. We claim it is the best book ever for the price. The work will be placed on public sale later. Kindly remit us your check."

[1] Obviously defendant and the publishing company had in view the September cup racing. Defendant's advertisement was in connection with this contest. A program is for events to which it relates, and a souvenir "cannot recall what has not taken place." Alfred Marks Realty Co. v. "Churchills," 153 N. Y. Supp. 264, 265. The issue of the exhibit here, though styled program and souvenir, was anticipatory. Such an issue and sale for the convenience of plaintiff's assignor is not a "publication" in the sense of this contract. A condition is implied of two contestants being named for the time and place of a race; and, where this feature is obvious, a failure, by giving up the expected contest, abrogates the contract. Lorillard v. Clyde, 142 N. Y. 456, 463, 37 N. E. 489, 24 L. R. A. 113.

[2] This is not where a promisor has failed to guard himself against a vis major. It is not a performance on one side, the other having no appropriate clause to excuse default; but it is where the situation, as it turns out, has frustrated the entire design on which is grounded the promise. An advance issue of the programs cannot fairly be held to be what defendant was to pay for. The object in mutual contemplation having failed, plaintiff cannot exact the stipulated payment.

The order of the Appellate Term should be reversed, and the judgment of the Municipal Court for plaintiff reversed, with costs of the appeal, and the complaint dismissed, with costs. All concur.

