Carolina Zackariason, Respondent, v. Ernst Zobel and Louisa Zobel, Appellants.— Judgment and order reversed and new trial granted, costs to appellants to abide the event. There was no evidence of nuisance. (*Jaffe* v. *Harteau*, 56 N. Y. 398; *Stamm* v. *Purroy*, 170 App. Div. 584; *Beauchamp* v. *Excelsior Brick Co.*, 143 id. 48.) Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

---

SECOND DEPARTMENT, DECEMBER, 1915.*

Alfred Marks Realty Company, Appellant, v. George Rector, Inc., Respondent.— Order of the Appellate Term affirmed, with costs, on authority of *Marks Realty Co.* v. *Hotel Hermitage Company* (170 App. Div. 484), decided herewith. Jenks, P. J., Carr, Mills, Rich and Putnam, JJ., concurred.

Dickerson G. Baker and Edgar Park, Appellants, v. Frank H. Page and Others, Respondents.— Appeal transferred to the First Department. Present — Jenks, P. J., Thomas, Carr, Mills and Rich, JJ.

William Blaisdell, Appellant, v. Long Island Railroad Company, Respondent.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment unanimously affirmed, with costs, for the reasons stated in *Blaisdell* v. *Long Island Railroad Co.* (152 App. Div. 218), on the question of liability. Any evidence received upon the second trial, not adduced upon the first, is purely cumulative, and does not piece out a cause of action. Present — Jenks, P. J., Thomas, Stapleton and Rich, JJ.

Ugo Bucciarelli, an Infant, by Vincenzo Bucciarelli, His Guardian ad Litem, Appellant, v. Rinehart & Dennis Company, Respondent.— The evidence is confused, and some of the witnesses so changeful in their testimony as to awaken incredulity. But, unopposed, the evidence is not so utterly destitute of probable truth as to permit its rejection by the court. It tends to show, rather faintly, it is true, but sufficiently to demand submission to the jury, subject to review as to the weight of it, that the defendant's servants had been using similar caps for blasting near the place of the accident, and had left the cap. Whether the defendant was negligent in such regard, whether such negligence was the proximate cause of the injury, and whether the plaintiff or his parents were guilty of contributory negligence, were questions for the jury to determine. Judgment of nonsuit reversed and new trial granted, costs to abide the event. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

Edwin C. Chamberlin and Anabel M. Chamberlin, His Wife, Appellants, v. Josephine L. Chamberlin and Others, Respondents.— Judgment modified to the extent of reducing the extra allowances to the various defendants to one-half thereof, and as so modified affirmed, without costs. No opinion. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred. Order to be settled on notice before Mr. Justice Carr.

---

* For other decisions of this term, see *ante*, pp. 881–899.