PAULINE M. CLARK et al., Plaintiffs, *v.* JOSEPH FITZGERALD, Individually, and as Treasurer of Local 450, United Electrical, Radio and Machine Workers of America, et al., Defendants.

Supreme Court, Special Term, New York County, December 5, 1949.

*Bella S. Abzug* and *Bernard Davis* for plaintiffs.

*Irving Abramson* (*Giddings, Keating & Reid* of counsel), for defendants.

EDER, J. Motion for injunction is denied. The organization known as United Electrical, Radio and Machine Workers of America (hereinafter United Electrical and U.E.) is an unincorporated, voluntary association stated to be an international

industrial union in the electrical, radio and machine manufacturing industry.

It is composed of a large number of local unions throughout the United States. It issues charters to locals and it issued a charter to the organization known as "Local 450 U.E." (hereafter Local 450 or Local). Local 450 is also an unincorporated, voluntary association, and it has functioned as a chartered local of United Electrical.

United Electrical and Local 450 each have a constitution and by-laws by which they are governed. The charter issued to Local 450 contains the following provision: "It is hereby agreed in the acceptance of this charter that the aforesaid (local) union shall conform to the constitution, rules and regulations of the United Electrical, Radio and Machine Workers of America."

There is contained in the constitution of United Electrical, in section 0, of article 18 the following provision, so far as here relevant: "Any disbandment, dissolution, secession or disaffiliation of any local shall be invalid and null and void if seven or more members indicate their desire to retain the local charter."

In accepting the charter Local 450 became subject to and bound by the afore-mentioned provision that it would conform to the constitution of United Electrical. United Electrical was heretofore affiliated with the organization known as the Congress of Industrial Organizations (hereafter C.I.O.), and the fact of its affiliation with C.I.O. is announced in the heading of its printed booklet which contains the constitution and by-laws of the U.E. This affiliation of U.E. with C.I.O. ended on November 2, 1949, when United Electrical was expelled from the C.I.O.

Section 1 of article I of the constitution of Local 450 entitled "Name" provides that it shall be known as "Local 450, United Electrical, Radio and Machine Workers of America."

Section 1 of article II thereof, entitled "Affiliation", reads as follows: "Local 450 shall be affiliated with the United Electrical, Radio and Machine Workers of America, *C.I.O.,* with District 4, United Electrical, Radio and Machine Workers of America *C.I.O.,* and with such other bodies as the membership may determine." (Emphasis mine.)

Following the expulsion of United Electrical from the C.I.O., meetings of the members of Local 450 were held to discuss the question of continued affiliation with the C.I.O., and as to what course of action should be taken toward accomplishing such

continued affiliation, it being asserted that the continued association with the C.I.O. was imperative to secure and assure protection to the members in their field of employment, and that disaffiliation with the C.I.O. could only result in damage to the good and welfare of the membership of Local 450. A motion was proposed and adopted by an overwhelming vote of the members to continue affiliation with the C.I.O.

It is alleged in the moving papers that as a consequence of these meetings and the action taken thereat a recommendation was made by defendant Brady and by other defendants that the title, property, funds and assets of Local 450 be transferred to a committee of seven, consisting of five trustees and two officers, to wit, defendants Fitzgerald and Brady, and that the committee of seven be empowered and authorized to take such steps with respect thereto as they might deem fit, and that the defendants further announced that the executive board was seeking affiliation with some other union and that the purpose of establishing a committee of seven was to conceal the property of Local 450 and to make it available for the use and benefit of such other union, and to deprive Local 450 and its membership thereof, and that the defendant Brady and others of the defendants then caused motions to the foregoing effect to be introduced and passed at such meetings over the opposition of more than seven members of Local 450, and that the afore-mentioned acts on the part of the defendants and members of the executive board of Local 450 were in violation of the provisions of the constitution of United Electrical and the by-laws of the Local.

Injunctive relief is sought to restrain the defendants from committing and continuing the acts complained of and alleged to be illegal. All the alleged illegal acts charged to defendants are denied by them.

In the opposing papers it is asserted that this action arises from the attempt of the nine plaintiffs herein to harass, by improper action, the entire membership of Local 450 (4,200 members) in its fight against communist control of the union and in its fight to support the policies of the C.I.O. against Communist party interference in the affairs of the union, and that it is also intended by this action to prevent the membership from exercising their right under the Local's constitution to freely choose an affiliation with an organization in the American labor movement that is not under communist control.

In brief, as I apprehend it, it is the contention in opposition to this motion that the expulsion of the United Electrical by

the C.I.O. removed any restriction of Local 450 and its members to associate and affiliate with the C.I.O. or with such other bodies as the membership may determine, and that the action of the members taken at the mentioned meetings was legal and valid and hence plaintiffs are not entitled to the injunctive relief sought.

If this contention is sound, it must follow that the injunction must be denied.

The principal and fundamental question, then, is whether, in view of the peculiar situation which has arisen by reason of the expulsion of United Electrical from the C.I.O., and resulting in the loss of its affiliation with the latter, the compact between United Electrical and Local 450 has terminated and has rendered nugatory section 0 of article 18 of the U.E. constitution, quoted *supra*.

To resolve this basic question section 0 of article 18 must be viewed in the light of the situation preceding the entry of Local 450 into membership in the U. E.

It appears from the opposing papers that in its organizing campaigns preceding the formation of specific local unions, including Local 450, United Electrical advertised its affiliation with the C.I.O., the strength which it held by virtue of its C.I.O. affiliation, its ability to aid members and prospective members by drawing upon the money, personnel, experience and prestige with the C.I.O.; that at the time Local 450 became affiliated with U.E., the international union was then an affiliate with C.I.O.; that the organization with which Local 450 became affiliated and from which it accepted a charter, was U.E., *C.I.O.*

The constitution of Local 450 provides in section 1 of article II that Local 450 shall be affiliated with United Electrical *C.I.O.*, and with District 4, United Electrical *C.I.O.* and with such other bodies as the membership may determine.

It is thus clear that the membership of Local 450 has considered affiliation with C.I.O. as an essential relationship and prerequisite to protect its welfare and working conditions, and it is alleged that it would never have affiliated with U.E. were it not for U.E.'s affiliation with the C.I.O.

Article 21 of the U.E. constitution requires that the local union's constitution and by-laws must be approved by it. The constitution and by-laws of Local 450 were approved by United Electrical and therefore they are binding upon it. The constitution of Local 450 provides that it shall be affiliated with United Electrical, *C.I.O.* The affiliation with *C.I.O.* cannot be considered as merely a passing reference to a name.

Section I of article I of Local 450's constitution provides that it shall be known as " Local 450, United Electrical, Radio and Machine Workers of America ". If there was no intention to make *C.I.O.* an important part of its affiliation, the constitution could definitely have rested there. There would have been 'no need for article II providing for affiliation with *C.I.O.* It is quite evident, therefore, that it was only because the membership considered affiliation with C.I.O. as vital that they provided in article II that the Local should be affiliated with a C.I.O. national union.

In the opposing papers it is pointed out that the local union's collective bargaining agreements provide that its contracts with the employer contain C.I.O. as part of the local union's name, and also for part of the national union's name, which lends added weight to the conclusion that all of these precautions were taken by the membership because of the determination to be part of C.I.O.

Plaintiffs assert that affiliation with C.I.O. is of no particular significance; that it is unrelated to the contract between the members, the Local and the International, created by the constitution, charter and by-laws, and that United Electrical, like other international unions, was affiliated with C.I.O. for interunion purposes solely, and that the affiliation can be broken without affecting the international and its locals and its membership.

In support of this premise plaintiffs solicit attention to a statement by the court (SWYGERT, J.) in its findings of fact No. 10 in *Seslar* v. *Union Local 901, Inc.* (87 F. Supp. 447) reading as follows: " The members of the local union have no direct affiliation with the C.I.O. Their only direct affiliation is with their parent body, the United Electrical, Radio and Machine Workers of America."

This may be so as a general proposition. However, where, as here, the constitution of the Local definitely requires affiliation by the international union or parent body with the C.I.O. and the constitution with this requirement is approved by U.E., as it was here, it becomes a prerequisite and integral, indispensable element and inducement for the local union's associating with the parent body, and so long as the required and mandatory affiliation with the C.I.O. exists, the contract of the Local with the parent body exists, and the provisions of the constitution of the respective organizations are binding on the contracting parties.

It is contended by the defendants, in opposition, that with the expulsion of United Electrical from C.I.O. the entire character of the relationship between U.E. and Local 450 was changed, with a resulting change in the constitutional obligation of the Local to be or remain affiliated with U.E.

The view is entertained that there is merit to this claim. If the basic reason and inducing cause for Local 450 entering into the contract with U.E. was that U.E. should be affiliated and continue to be affiliated with the C.I.O., expulsion of U.E. from the C.I.O. made the continuance of such affiliation with the C.I.O. impossible and destroyed a basic objective and consideration which induced and led Local 450 to join up with U.E. and to continue its membership therein.

The affiliation of United Electrical with the C.I.O., as mentioned, was the inducement of Local 450 and its members to enter into the compact with U.E.; indeed such affiliation of the U.E. with the C.I.O. was of the essence of the contract, for the Local and its members were not bound to join with U.E. and would not have joined but for U.E.'s affiliation with C.I.O.

While not so precisely expressed in the contract between U.E. and the Local, both parties must be supposed to have contemplated the continuance of the affiliation of the United Electrical with the C.I.O. as one of the conditions of the compact and such contract is subject to this implied condition.

When performance depends on the continued existence of a given thing and such continued existence is assumed as a basis of the agreement, an implied condition that such existence shall continue is to be read into the contract, and the destruction of the thing puts an end to the contract (*Lorillard* v. *Clyde,* 142 N. Y. 456); also where the performance of a contract depends upon the happening of an event over which neither party has control, the implied condition will be read into the contract that it shall be abrogated on the nonhappening of such an event (*Marks Realty Co.* v. *Hotel Hermitage Co.,* 170 App. Div. 484; *Marks Realty Co.* v. *" Churchill's,"* 90 Misc. 370); the event which renders the contract incapable of performance is the cessation or nonexistence of an excess condition or state of things going to the root of the contract. Where an event substantially frustrates the objects contemplated by the parties when they enter into the contract the foundation of the contract is gone.

Whether the provisions of a contract are dependent or not depends upon the intention of the parties to be collected from the whole instrument and the circumstances with reference to which it is to be construed.

Under the circumstances, in such a situation as is here extant, it is my view that it must be held that with the expulsion of United Electrical from C.I.O. the contract between United Electrical and Local 450 terminated, and that section 0 of article 18 of the constitution of United Electrical, was rendered nugatory and eliminated. To hold, in the circumstances, that section 0, of article 18 nonetheless continues operative, and that the Local is bound to continue membership in the U.E., even though the basic objective and inducing cause for joining with U.E., viz., U.E.'s affiliation with C.I.O. has been rendered impossible of continuance by U.E.'s expulsion, is to give to this provision an unreasonable, unwarranted and unjustified construction.

When the basic objective was destroyed by U.E.'s expulsion from C.I.O., continuance by Local 450 of membership in U.E. was a meaningless and valueless connection, and under the particular facts of this case Local 450 and its members were relieved of any further obligation to continue membership in U.E.

With the elimination of section 0 of article 18 of the U.E. constitution no impediment remained which prevented Local 450 from affiliating with the C.I.O. or any other organization.

It is my opinion that the membership of Local 450 was, in the peculiar nature of this case, authorized under the provisions of section 1 of article II, of its constitution to thereupon join or associate with any other body as would accomplish affiliation with C.I.O., and that the acts of the defendants and the members of Local 450 were legal and valid.

After due consideration and reflection I have reached the ultimate conclusion that the effectiveness of the U.E. constitution, and particularly the efficacy of section 0 of article 18 thereof, upon which plaintiffs so much rely, are dependent upon the continued affiliation of U.E. with the C.I.O. and that with U.E.'s expulsion from the C.I.O. the compact between U.E. and Local 450 was abrogated, and, hence, the Local and its members were released from any restraints or prohibitions imposed by section 0 of article 18, and that they were at liberty to proceed and act as they did, and that no basis exists for granting the injunctive relief which the plaintiffs seek by this application.

For the reasons set forth the motion is denied. Settle order.