**FITZGERALD v. ABRAMSON et al.**

United States District Court
S. D. New York.
March 15, 1950.

506

Morton Stavis, New York City, Basil Pollitt and William Rossmoore, New York City, of counsel, for plaintiff.

Irving Abramson, New York City, for certain defendants.

Giddings, Keating & Reid, New York City, for defendant Abramson.

RIFKIND, District Judge.

By order to show cause, Albert J. Fitzgerald has moved for a temporary injunction and for the appointment of a receiver. Fitzgerald sues individually and as representative of the members of the United Electrical, Radio and Machine Workers of America (hereinafter called UE), and of the members of all its locals.

Defendant Abramson is sued as an individual. Defendants Jennings, Fitzgerald, Cestare, Brady, Ratti, and Flaherty are sued both in their individual capacity and as representatives of the members of Local 450, International Union of Electrical, Radio and Machine Workers, CIO (hereinafter called IUE). The Committee to Support CIO Policy and Combat Communism, a corporation, is also a defendant.

The motion is founded upon a verified complaint, affidavits, and exhibits. In substance, plaintiff alleges the following:

Plaintiff is a resident of Massachusetts and president of UE, a national labor organization. Local 450, UE, is a local union chartered by UE. The individual defendants are all citizens of New York. The defendant Committee is a District of Columbia corporation doing business in New York. Local 450, UE, has assets which include the following: (1) approximately $165,000 in Government bonds; (2) a lease to union premises; (3) a bank account of approximately $30,000; (4) collective bargaining contracts with Sperry Gyroscope Co., Inc., which contain provisions for a check-off of union dues (amounting to approximately $9,000 per month) pursuant to authorizations signed by its employees.

The complaint further alleges that Local 450, UE, has accepted and agreed to the constitution of the UE, which contains the following provisions:

Article 18, Section N:

"If a local disbands, the local secretary and trustees shall send all funds and property belonging to the local to the General Secretary-Treasurer. The General Secretary-Treasurer shall hold this property intact for one year. If within that time, an application is made by at least fifteen (15) former members, a charter will be reissued and the funds and the property returned. Should no application be made within the year, the funds and property shall revert to the International Union."

Article 18, Section O:

"Any local union whose good standing members fall below seven (7) may have its charter revoked in accordance with the provisions of Article 18, Section N, and Article 10, Section I, of the International Constitution. Members of such a group may become members-at-large, affiliated directly with the International Union in accordance with Article 20, Section C, or they may transfer to other local unions in the area.

"Any disbandment, dissolution, secession or disaffiliation of any local shall be invalid and null and void if seven or more members indicate their desire to retain the local charter."

More than seven members of Local 450, UE, desire to retain the charter of Local 450.

The complaint further alleges that the defendants, by various illegal means, have stripped Local 450, UE, of its assets and have caused these assets to be transferred to an organization known as Local 450 of the International Union of Electrical, Radio and Machine Workers, CIO or to the Committee as part of a scheme in which Local 450 was to secede or disaffiliate from UE and become affiliated with IUE.

The plaintiff moves for the following interlocutory relief, pendente lite:

(a) a temporary injunction (1) prohibiting and restraining defendants and each of them and their agents, servants, employees and attorneys and those acting in concert with them from in any way spending, transferring, conveying, using or disbursing any of the money, property and assets of [UE] Local 450, including any bonds, or other assets transferred and conveyed to the defendant Committee or to anyone else, and from taking any further steps whatsoever in pursuance of their plan to have [UE] Local 450 secede from the UE and to take with them from the UE and [UE] Local 450 and the members of the UE the money, property and assets of [UE] Local 450; and (2) prohibiting and restraining the defendants Jennings, Fitzgerald, Cestare, Brady, Ratti and Flaherty and each of them and their agents, servants, employees and attorneys and those acting in concert with them from using the name "Local 450" either alone or in

combination with any other name, occupying or using the offices at 91-24 168th Street, Jamaica, New York, or preventing or attempting to prevent the use thereof by [UE] Local 450 and its officers and agents, claiming to be or holding themselves out as officers of UE Local 450, and from accepting or receiving from the Sperry Gyroscope Company, Inc. any union dues checked-off from the wages of the employees of the said corporation under the contracts between the said corporation and the UE and Local 450 or under any purported assignment or arrangement with respect to the said contracts;

(b) the appointment of a receiver over the property and assets of [UE] Local 450 controlled by the defendants with full authority to conserve the assets of UE Local 450, to discover and recover its assets by legal action or otherwise, and to account and report to this Court from time to time and at the determination of this action.

The Committee to Support CIO Policy and Combat Communism, appearing specially, has countered with a motion to vacate the service of process on it.

Before we reach the merits, the question of jurisdiction demands an answer. The plaintiff's theory of jurisdiction is simple. He relies on diversity of citizenship as alleged, and the presence of a matter in controversy exceeding the statutory amount. He asserts that since this is a class action, only the citizenship of the representatives is relevant. Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673.

So much the defendants do not controvert. However, they present a formidable array of jurisdictional objections based on other grounds. One group of objections centers around the plaintiff's alleged failure to join an indispensable party. In detail, the defendants argue that Local 450, UE, is an indispensable party and has not been joined. Nor, the defendants continue, is the indispensability objection ineffective on the ground that is is a proper class action by Fitzgerald on behalf of the members of

Local 450, UE. To support the last assertion, the defendants argue: (1) the plaintiff, not being a member of Local 450, UE, cannot bring any action as representative of the class of members of Local 450, UE; (2) the plaintiff does not adequately represent the members of Local 450, UE; (3) the number of persons of the class of members of Local 450, UE is not so numerous that it would be impracticable to bring them before the Court; (4) the complaint fails to allege facts showing the adequacy of plaintiff's representation of the members of Local 450, UE.

■ Examination of the propriety of the class action on behalf of Local 450, UE, will be unnecessary since I do not consider the Local an indispensable party. Fitzgerald sues to vindicate the rights of the class composed of members of UE. I do not regard Local 450 as having such an interest in this controversy between the UE and the defendants that a final decree cannot be made without affecting that interest. See 3 Moore's Federal Practice 2202 (2d Ed.). Of course, it may be that on trial of this action a detailed revelation of the relationship between UE and Local 450 will prove it to be such that relief cannot be granted UE without the presence before this Court of the Local. For the purposes of this application, however, I find jurisdiction. I am the more inclined to reach this result because of the allegations that Local 450 has been disabled from operating as a functioning organization as a result of the acts of the defendants. Cf. Bourdieu v. Pacific Western Oil Co., 1936, 299 U.S. 65, 70, 57 S.Ct. 51, 81 L.Ed. 42.

■ Nor does the plaintiff sue as a representative of the class composed of the members of Local 450, UE. He sues as representative of the members of UE and alleges he is a member and indeed President of UE. I regard the further allegation that he sues on behalf of the members of all its locals as mere surplusage, since the class composed of members of UE includes all members of locals.

I can at this point dispose of another objection to jurisdiction which is related to those just considered. The defendants

contend that diversity jurisdiction is lacking since Local 450, UE, is an indispensable party, is not represented by Fitzgerald (whose Massachusetts citizenship gives rise to diversity), and is an unincorporated association domiciled in New York State. Since I have decided that Local 450, UE, which does not appear, is not an indispensable party, the foundation for this objection has vanished.

■ The next group of objections to jurisdiction raised by the defendants all flow from the fact that, in the New York Supreme Court, a claim in some ways analogous to the one here asserted was rejected and a preliminary injunction denied. On the existence and pendency of that case, Clark v. Fitzgerald, 197 Misc. 355, 93 N.Y.S.2d 768 (not the same Fitzgerald who is plaintiff in this action), the defendant predicates the following arguments: (1) this Court is without jurisdiction to grant the requested injunction because of the prohibition of 28 U.S.C.A. § 2283; (2) comity dictates that this Court should refuse jurisdiction; (3) the action being quasi in rem this Court is disabled from taking jurisdiction once the state court has assumed it.

28 U.S.C.A. § 2283 prohibits the stay of state court proceedings. The nature and reach of the analogous action pending in the state court will be considered shortly, in another connection. For present purposes, however, it is sufficient to indicate my conclusion that none of the relief prayed for can directly or indirectly stay the state court proceedings. The cases cited by defendants deal with the situation wherein a grant of relief or an order of the state court would be frustrated by the requested federal injunction. That is not our case. The defendants here do not seek relief in the state court, and I fail to see how an injunction directed against the defendants could frustrate the judgment of the state court. Cf. United Electrical, Radio & Machine Workers v. Westinghouse Electric Corp., D.C.E.D.Pa.1946, 65 F.Supp. 420.

■ The objection that comity bars our jurisdiction does not withstand close examination. In the state court action, the plaintiffs are members of Local 450, UE, suing in their own behalf, and asserting their own rights which they allege were infringed by the defendants, who were officers of the local. The instant action, on the other hand, is between a member of UE suing in a representative capacity on behalf of all members of UE for the vindication of their rights which, it is alleged, are being infringed by the members of Local 450, IUE, sued by their representatives. Where the parties are different and the rights asserted are different, comity does not require this Court to refuse jurisdiction.

■ Similarly, the existence of different rights and different parties meets the contention that this Court is disabled from acting on the application because the action is quasi in rem and the state court has already assumed jurisdiction. See Boynton v. Moffat Tunnel Improvement District, 10 Cir., 1932, 57 F.2d 772, 779, certiorari denied Moffat Tunnel Improvement Dist. v. Boynton, 287 U.S. 620, 53 S.Ct. 20, 77 L.Ed. 538.

■ A further objection to jurisdiction advanced by the defendants is based upon the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq. However, I find little substance in the defendants' argument that this Court is without jurisdiction because the application for relief concerns a "labor dispute". Unlike the case of Duris v. Phelps Dodge Copper Products Corporation, D.C.N.J., 1949, 87 F.Supp. 229, 232, the present controversy is not primarily "a dispute as to which of two competing unions, in the sphere of organized labor, shall function under contract with the employer * * *." Rather, it is a dispute over the use of a name and the ownership of money and other property. It does not necessarily involve employer-employee relations. Should it appear that the claim for injunctive relief, in its further reaches, does impinge upon relations which constitute a labor dispute under the Norris-LaGuardia Act, then the relief granted, if any, can of course be molded in conformity with the limitations of that statute. 29 U.S.C.A. § 101.

In addition to asserting a want of jurisdiction, the defendants level a barrage of attacks at the complaint itself. They claim the following: The complaint fails to state a cause of action against the defendants in their individual capacity; the complaint fails to state a cause of action against Local 450, IUE–CIO, an indispensable party, because it does not allege that any of the individual defendants are members or officers of Local 450, IUE–CIO; the complaint is defective because the real-party-in-interest rule prevents the UE from suing to enforce the rights of Local 450, UE; the complaint fails to state a claim upon which relief can be granted since the plaintiff is not the real party in interest either in his individual capacity or as a representative of the members of UE. The defendants further contend that as a result of the denial of the application for a temporary injunction in the analogous state court action, Clark v. Fitzgerald, 1949, 197 Misc. 355, 93 N.Y.S.2d 768, this application for an injunction must be denied (1) in order to comply with Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and (2) in order to give effect to the principle of res judicata.

█ The first two objections are disposed of merely by stating that a reading of the complaint satisfies me that the allegations therein do plead a cause of action against the defendants in their individual capacity, and also do make it clear that the defendants are members of Local 450, IUE.

█ The objection based upon the purported failure to comply with the real-party-in-interest rule is also without merit. This provision in Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., has been translated by Professor Moore as follows: An action shall be prosecuted in the name of the party who, by the substantive law, has the right to be enforced. 3 Moore's Federal Practice, 1305 (2d Ed.)

The plaintiff does not sue to enforce the claims of Local 450, UE. I have already indicated my understanding of the complaint as one asserting rights on behalf of UE. It may be that as a matter of substantive law, UE's claims will fail. Plaintiff's assertion of those rights, however, is sufficient to satisfy Rule 17(a).

█ A more serious objection to the complaint is that no claim upon which relief may be granted is stated, since neither the plaintiff as an individual, nor the members of the UE, the class he represents, have an interest in the subject matter of the suit—the funds and assets of Local 450, UE. Whether or not such an interest is adequately alleged must be determined after a consideration of the relationship between the Local on the one hand and the UE and its members on the other. Such a relationship is contractually governed by the constitution of UE. Alexion v. Hollingsworth, 1942, 289 N.Y. 91, 43 N.E.2d 825.

From its constitution, which is an exhibit attached to the complaint, it appears that the UE is better characterized as an association of persons than as a federation of associations. Article 24, Section A provides that in addition to assuming duties toward the local each member must pledge himself to support the UE constitution and to obey all lawful orders of the General Executive Board of the UE. Direct affiliation with the UE on the part of individuals is possible where there are not a sufficient number of workers to organize a local. Article 18, Section B, which requires the locals to furnish the International Office with lists of their members, is entitled "International Membership."

The locals have some degree of administrative autonomy, but they are closely supervised. Under the UE constitution, books and records of the Locals must be audited quarterly and a report of their condition must be sent to the General Secretary-Treasurer of the International. Such leeway as the locals have in fixing initiation fees and membership dues is partial in that the UE constitution prescribes the minimum amounts. Most important of all is the fact that the locals' own constitutions and by-laws are not effective until approved by the International. Pending such approval, the International's constitution governs.

All told it appears that the locals are little more than convenient administrative subdivisions whose members, together with those union members not affiliated with any local, constitute a single association, the UE.

■ The defendants make much of the fact that the UE constitution specifically provides for reversion of funds and assets to the UE treasury in the event of disbanding of a local or of revocation of a charter. Defendants point out that under the constitutional provisions quoted earlier in this opinion an effective disbanding has not occurred since more than seven members of the Local have indicated a desire to retain the charter. Consequently, defendants conclude, there is no property interest in the UE. But the provision for the reverting of the property and the vesting of an immediate legal interest on disbanding does not negative the existence of a continuing interest on the part of the members of UE in maintaining the efficacy of a subdivision of their organization and preserving the property and assets of that subdivision. And the structure of the association implies that such an interest may well exist. I cannot conclude at this point in the proceedings that the UE and its members, of which plaintiff is one, do not have a claim upon which relief may be granted. Cf. Wolchok v. Kovenetsky, 1948, 274 App.Div. 282, 83 N.Y.S.2d 431; Brown v. Hook, 1947, 79 Cal.App.2d 781, 180 P.2d 982, 986.

However potent is the force of Erie Railroad Co. v. Tompkins, it is clear that it does not endow the decision of the New York Supreme Court in Clark v. Fitzgerald, 1949, 197 Misc. 355, 93 N.Y.S.2d 768, with the power to foredoom the decision on the pending application. The Court which decided Clark v. Fitzgerald is of first instance. The decision was interlocutory; it denied an application for a temporary injunction. The Court announced no new rule of law. It professed to rely on well established principles and applied them to the facts as it found them on the basis of the evidence before it. Manifestly, Erie R. Co. v. Tompkins does not compel a Federal District Court to shape its findings of fact in accordance with the findings of a state court, even when the evidence is the same. *A fortiori*, it is under no such compulsion when the evidence is not the same. See Purcell v. Summers, 4 Cir., 1944, 145 F.2d 979, 989.

■ Nor is the defendants' objection which is based upon *res judicata* any more convincing. I have already indicated that the parties and the rights asserted in the state court action differ from the rights and parties involved here. Consequently, decision in the one suit does not predetermine the decision in the other. Moreover, an interlocutory judgment does not give standing to the defense of *res judicata*.

G. & C. Merriam Co. v. Saalfield, 1916, 241 U.S. 22, 36 S.Ct. 477, 60 L.Ed. 868.

■ And so we reach the merits of the application. First, as to the use of the name. The papers submitted on this motion reveal no dispute over the fact that since 1942 there has been in existence a subdivision of UE known as Local 450, UE or Local 450, United Electrical, Radio and Machine Workers of America, and that this name derived from the charter granted by UE to persons employed at the Sperry Gyroscope Company plant. *Prima Facie,* it appears that the members of UE have an interest in the name, Local 450, UE. Certainly, such an interest is not diminished by the fact, as alleged, that UE spent large amounts of money in organizing Local 450, UE, in negotiating contracts on behalf of the employees of Sperry, and in other directions. Prestige and good will which attach to the name Local 450, UE, one of the subdivisions of UE, are assets in which the membership of UE has an interest. The complaint and the affidavit supporting the application persuade me that the use by defendants of the name Local 450, IUE will confuse and is calculated to confuse those who have business relations with these rival labor organizations. In such circumstances equity will intervene. American Steel Foundries v. Robertson, 1926, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317.

For present purposes, in considering the assets of Local 450, UE, it is unnecessary to describe in detail the methods whereby such assets found their way in to the possession of Local 450, IUE or the Committee.

512

It is undisputed that the premises of Local 450, UE are now occupied by Local 450, IUE; that the files, papers and records of the former are in the possession of the latter; that Government Bonds in face amount of approximately $165,000 are in the possession of the latter or of the Committee; and that the balance of the assets of Local 450, UE has been transferred to the IUE Local. It is also clear that these transfers of possession occurred as part of a single enterprise relating to the "secession" or "disaffiliation" (whether legally effective or not) of a majority of the members of Local 450, UE from UE and their prompt affiliation with IUE.

 The transfer of the Government bonds occurred before the CIO expelled the UE. The purported disaffiliation and the other transfers of property took place after the expulsion. The plaintiffs have established, at least *prima facie,* that the transfer of the bonds was a fraud on the UE, being part of a plan to get the assets of Local 450, UE out of the control of UE and ultimately into the hands of the IUE local. The subsequent acts of the defendant also appear, *prima facie,* to infringe the plaintiff's property rights. It would thus appear that, absent countervailing considerations, equity should prudently maintain the *status quo ante* in order to prevent frustration of the Court's final decree.

The defendants suggest that by reason of the expulsion of UE from the CIO there has been a frustration of the underlying purposes of the contract (the constitution) between UE and its members and locals, with the result that Local 450 was relieved' of responsibility to UE. Whether there has been frustration presents a sharply contested issue of fact which I am unable to resolve on affidavits. But that does not dictate that it is wise to allow the present series of events to take their natural course and thereby eviscerate the ultimate decision of the Court upon the issue of the defendants' liability, which may exist even if frustration be proved.

I find no merit in the contention that the injunction should be denied by reason of the plaintiff's laches. The delay has not been of serious dimensions.

 The validity of the service of process upon the Committee has been stoutly challenged and as stoutly affirmed. Issues of fact are presented which require trial either to the Court or before a master. That such issues exist does not prevent me from issuing an injunction with respect to the bonds. Certainly, those defendants whom the court's decree can reach can be restrained, along with their agents, servants, employees and attorneys and those acting in concert with them, from spending, transferring, etc. the bonds.

 It is not my intention to give the plaintiff all the relief requested. I see no necessity for appointment of a receiver. I do not think I am free to issue an order respecting the check-offs, since I may there be trespassing on the forbidden territory of a "labor dispute". Furthermore, since there is substantial dispute over the right to the office premises, the defendants claiming that the plaintiff's lease had expired, I will not at this point prevent the defendants from continuing to occupy them.

 The argument and briefs have touched upon one additional point which needs a word of comment. Defendants argue that the contractual obligations of the members of UE have been dissolved because UE has been dominated by Communists. Whether it is so dominated has not yet been judicially determined. It suffices to say that plaintiff does not suggest and defendants do not contend that any individual is, by the constitution of UE, constrained to continue his membership therein. Behind this dispute may lurk ideological differences of great consequence. The dispute itself, however, relates strictly to property rights, and, of course, this Court is not authorized in resolving such a dispute, to apply one rule of law for Communists and another for anti-Communists.

The motion is granted in part. The decree will not provide all the relief which the plaintiff prays for. The decree will be molded after further consideration of the necessities of the situation. The parties will settle upon notice a form of decree and if further argument is required the Court will afford the opportunity therefor.