15 N.J. Super. 466 (1951)
83 A.2d 551
WESLEY EDWARDS, ET ALS., PLAINTIFFS,
v.
JERRY LEOPOLDI, ET ALS., DEFENDANTS. ARTHUR McBRIDE, ET ALS., PLAINTIFFS,
v.
MILTON WEIHRAUCH, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided September 20, 1951.
*467 Mr. Morton Stavis, attorney for plaintiffs.
Messrs. Kapelsohn, Lerner, Leuchter & Reitman (Mr. Sol D. Kapelsohn appearing), attorneys for defendants.
STEIN, J.S.C.
The firstly entitled case of Wesley Edwards v. Jerry Leopoldi came on for final hearing and was completed before the court. At the same time there came on for hearing the above entitled case of McBride v. Weihrauch. Thereupon a stipulation in writing in that case was filed by counsel with the court in which it was stated that the issues of fact and law being substantially identical or similar in both cases the "Intervenor-Plaintiff and the defendants agree to be bound in this cause by the final judgment to be entered in the above-mentioned cause of Edwards v. Leopoldi," and consent that a judgment to the same effect and in the same tenor as may be entered in the Edwards case may also be entered in the McBride case.
The United Electrical, Radio and Machine Workers of America (hereinafter referred to as the UE) was by order of the court permitted to intervene on the side of the plaintiffs in the cause. The subject matter of this controversy concerns the money, property and assets of UE Local 447 and the continued existence thereof as a local union of said UE. The intervening plaintiff contends that under the constitution of *468 the UE the UE has an obligation to preserve and protect this local as well as the continuation of all its local unions and has a property right and interest in the money, property and assets of its locals in that it is entitled to receive from its locals certain per capita taxes and other financial support, and in that upon the disbandment, secession or disaffiliation of a local its property reverts to the UE.
As a matter of convenience the following abbreviations will be used in this opinion: "CIO" for Congress of Industrial Organizations; "UE" for United Electrical, Radio & Machine Workers of America; "UE-CIO" for the foregoing in its status as a CIO affiliate; "IUE" for International Union of Electrical, Radio & Machine Workers (the "international" which was chartered by the CIO upon CIO's expulsion of UE); and "Local 447" for the local union in question, whose assets are the subject of this suit.
The defendants are the officers of the local union, which union became disaffiliated from the parent organization, the UE, and which disaffiliation the plaintiffs say, did not conform to the constitution of UE since it was in defiance of the provisions of article XVIII, sections N and O of the UE constitution which provides:
"Section N. If a local disbands, the local secretary and trustees shall send all funds and property belonging to the local to the General Secretary-Treasurer. The General Secretary-Treasurer shall hold this property intact for one year. If within that time, an application is made by at least fifteen (15) former members, a charter will be reissued and the funds and the property returned. Should no application be made within the year, the funds and property shall revert to the International Union.
Section O. Any local union whose good standing members fall below seven (7) may have its charter revoked in accordance with the provisions of Article 18, Section N, and Article 10, Section I, of the International Constitution. Members of such a group may become members-at-large, affiliated directly with the International Union in accordance with Article 20, Section C, or they may transfer to other local unions in the area.
Any disbandment, dissolution, secession or disaffiliation of any local shall be invalid and null and void if seven or more members indicate their desire to retain the local charter."
*469 The claim of the plaintiffs is based upon the fact that seven members of the local union opposed secession, and desired to retain the UE charter, for which reason plaintiffs say the secession is void.
Urged upon the court is the holding by the courts in this and other states that the relationship between members of an unincorporated corporation and between parent and subordinates thereof is contractual, and that the terms of the contract are to be found in the applicable constitutions. With this contention the defendants agree but say that in the instant case affiliation of UE with CIO became an implied condition of the contract of affiliation between Local 447 and UE, which compact was dissolved when the implied condition ceased to exist, and thereupon the UE constitution was no longer enforceable against the defendants.
In 1936 the CIO issued a charter of affiliation to the UE, upon the latter's application, and that affiliation continued until November, 1949, when the UE was expelled from the CIO.
Local 447 was organized in 1941 and at that time obtained its charter from the UE-CIO. It was established at the trial that the affiliation of the UE with the CIO was essential to and an indispensable ingredient of the growth and development of the UE as an important factor on the labor scene. The importance of UE's affiliation with the CIO was readily acknowledged by the UE itself in one of its publications, when it said that the activities of the CIO against the open shop industries "gave just the backing the UE & RW needed to swing the great electric and radio industries * * *."
From all the evidence adduced at the trial I am satisfied that its affiliation with the CIO formed the foundation upon which the UE built its large membership and that those persons who joined any local of the UE did so chiefly, if not solely, because the CIO stood and would continue to stand as their powerful protagonist in their endeavor to obtain higher wages and improve their working conditions.
*470 I think it has been adequately established by the defendants that the continued affiliation of the UE with the CIO was an essential condition of the contractual relationship that existed between the Local and the UE, and that when the UE was expelled from the CIO the most essential requirement for the continuance of the executory contractual relation ceased to exist.
In my opinion, the decision of this court in the case of Duris v. Iozzi, 6 N.J. Super. 530, 70 A.2d 793 (Ch. Div. 1949), controls the instant case. In the Duris case it was held that when the continued existence of a state of facts is an implied condition going to the essence of the contract, the destruction of that state of facts puts an end to the contract itself.
When this court had under advisement the issue in the Duris case, the New York Supreme Court, in an opinion by Mr. Justice Eder, decided the case of Clark v. Fitzgerald, now reported in 197 Misc. 355, 93 N.Y.S.2d 768. That court held that upon UE's expulsion from the CIO continuance of membership in a local union of the UE became a "meaningless and valueless connection," that under such circumstances and because of the implied condition that the UE's affiliation with CIO would continue, the members of the local union were relieved of any further obligation to continue their membership in UE and were free to affiliate themselves with the CIO or any other organization. In the Duris case I agreed with the reasoning employed and the result reached by Mr. Justice Eder. Since the two cases were decided the Supreme Court of Minnesota had before it for decision the same question considered in the Duris case and in the cited New York case. The Minnesota Court in Local 1140 v. United Electrical, Radio & Mach. Wkrs., 45 N.W.2d 408 (Dec. 1950) considered the same provisions in UE's constitution as are involved in the case sub judice. In an opinion which reviews a great many of the pertinent cases, the Chief Justice of the Minnesota Supreme Court approves and follows the holdings in the cited New York and New Jersey cases. Thus, *471 while the Duris case was not reviewed on appeal, its holding is altogether in harmony with the New York decision and now stands approved by the highest court in Minnesota, an authority entitled to great respect.
Counsel in their briefs have referred to the case of Walter Kidde & Co., Inc., v. United Electrical, Radio, etc., 7 N.J. 528, 82 A.2d 184 (1951). It is claimed for the plaintiffs that the decision of that case is dispositive of the present controversy. I fail to see that. It is true that in the cited case the expulsion of UE from CIO was asserted. However, such expulsion was there entirely without influence, for the reason that the expulsion occurred long after the matters complained of in that case had occurred. Of course, the expulsion cannot support or justify action taken previous to such expulsion. This is implicit in what Mr. Justice Heher stated in the Kidde case in respect of the fact of UE's expulsion. He said: "And the asserted expulsion of UE from CIO came on November 2, 1949, long after the action under review."
Judgment will be entered for the defendants. Form of judgment to be submitted on notice.