HORST E. NEUMANN, Respondent, *v.* SOUTH BAY PONTIAC MOTORS, INC., Appellant.

County Court, Suffolk County, August 16, 1955.

*Davidow & Davidow* for appellant.

*S. Martin Adelman* for respondent.

MUNDER, J.   The parties hereto entered into an agreement whereby the defendant promised to sell a new Pontiac automobile for the stated sum of $2,950.   The plaintiff made a cash deposit of $200 and, as a further part of the purchase price, was to be allowed a trade-in credit on his 1951 Kaiser upon actual delivery of the new car.   Before the arrival of the new car the Kaiser became involved in an accident.   The plaintiff thereupon renounced the agreement, pleading impossibility of performance, and brought an action in the Justice's Court to recover the deposit wherein he was awarded judgment in the sum of $204.50.   The defendant now appeals.   He asks for a dismissal of the complaint, claiming a right to retain the deposit money as liquidated damages in accordance with the terms of the agreement.   On the appeal the defendant demanded a trial *de novo*.   The parties have submitted an agreed statement of facts.

The case of *Arnold* v. *Conklin* (N. Y. L. J., May 23, 1955, p. 14, col. 6), upon which the plaintiff now rests his case, presented an entirely different problem.   In that case, which involved the sale of realty wherein the plaintiff after breaching the agreement sued to recover a $500 deposit, it was decided that no enforcible contract had ever been entered into and that the deposit money had been given for no other reason than as

security to compensate the defendant for possible loss. The agreement coming within the Statute of Frauds (Real Property Law, § 259) and the defendant claiming no damages as a result of the plaintiff's breach it was determined that the plaintiff was entitled to a return of her money.

In the case at bar the parties unquestionably entered into an enforcible contract. In addition to the plaintiff having given something in earnest to bind the contract, the parties signed a purchase order containing all the terms of the agreement which constitutes a sufficient memorandum in writing to take the agreement out of the Statute of Frauds. (Personal Property Law, § 85; *Moskowitz* v. *White Bros.,* 166 N. Y. S. 15.)

Hence any right of the plaintiff to recovery could only be based upon the doctrine of impossibility of performance for destruction of the subject matter of the contract, which in the opinion of this court does not apply to the facts at hand.

Although in many cases performance has been excused where the parties contracted on the basis of the continued existence of a given thing and further performance became impossible from the perishing of that thing, that is a condition which must be implied and read into the contract; and whether the provisions of the contract are so dependent must be gathered from the intention of the parties as expressed in the instrument as a whole. (See *Clark* v. *Fitzgerald,* 197 Misc. 355.)

Here the terms of the purchase order clearly contemplated the possibility that the used car might depreciate further in value and that performance of the contract was not entirely dependent on the continued existence of the original appraisal thereof.

Condition No. 2 on the reverse side of the purchase order provided: '' If the used car is not to be delivered to the dealer until the delivery of the new car, the used car shall be reappraised at that time and such reappraisal value shall determine the allowance made for such used car.''

Condition No. 3 provided: '' Upon failure or refusal of the purchaser to complete said purchase *for any other reason than cancellation on account of increase in price,* the cash deposit may be retained as liquidated damages '' (emphasis supplied).

Clearly then the provisions of the contract were in no way dependent on the continued existence of the '' thing '' which was here destroyed, and performance of the essential subject matter of the contract did not become impossible within the meaning of the cases applying that doctrine.

Furthermore performance is not excused as long as the essential objects of the contract are not destroyed even where there is a default as to a subsidiary provision on the part of the vendor. (*Rosenwasser* v. *Blyn Shoes*, 246 N. Y. 340, and cases therein cited.) In our case the essential object of the contract, the purchase and sale of a new automobile at an agreed price, was not destroyed, and the vendor remained ready, willing and able to fully perform his part of the agreement.

The judgment is reversed on the facts and the law and the complaint dismissed. Enter judgment accordingly.