Sidney A. Fine, J.
Two motions are before the court for temporary injunction in two actions which are virtually identical. They are brought by plaintiff Crawford, as special trustee of Locals Nos. 50 and 51, Bakery and Confectionery Workers’ International Union of America, and by plaintiff Olson, suing as the acting secretary-treasurer of the same International Union. It was expelled from the AFL-CIO on December 13, 1957, following the refusal of that International to comply with certain directives of the AFL-CIO with respect to the elimination of corruption and corrupting elements.
The defendants are individuals who are described as the past officers of Locals Nos. 50 and 51; certain banks alleged to be the depositories of the funds, assets and property of those Locals; and their attorneys. The past officers of Locals Nos. 50 and 51 claim that they are the present officers of Locals Nos. 50 and 51 which has disaffiliated from the plaintiff International and are now affiliated with American Bakery and Confectionery Workers’ International Union, which has been newly chartered by the AFL-CIO.
Each complaint sets forth two causes of action. The first on behalf of the special trustee alleges that the Locals have not effectively seceded or disaffiliated from the International under the terms of its constitution because, it is alleged at least seven members of each of said Locals desire to continue affiliation with the International. The second cause of action on behalf of plaintiff Olson, individually and as acting secretary-treasurer of the International alleges, in the alternative, that if there has been a valid secession or disaffiliation, then, under the terms of the constitution, the assets of the Locals must immediately revert to the International.
With respect to both causes the relief sought is identical. Plaintiffs seek an injunction restraining the individual defendants from exercising dominion over any property, funds, assets, records, equipment or using the names of Locals Nos. 50 and 51, or claiming disaffiliation from the International. Plaintiffs seek also an accounting and damages, and other injunctive relief.
There is a serious question whether plaintiffs have capacity to sue. There is no authority in the Bakers’ constitution for the appointment of an “ acting ” International secretary-treasurer and there are no rights or powers conferred therein *325 on one assuming such title (see Hogan v. Williams, 185 Misc. 338, 340-342). While under section 4(b) of article XNT of the constitution, there is provision for the appointment of a special trustee, serious question exists whether the requirements of notice of hearing and of specification of charges have been met. Furthermore, the Locals have not been named in either action as party plaintiff or defendant; there is a strong probability that each Local is an indispensable party (Civ. Prac. Act, § 193). In Fitzgerald v. Haynes (241 F. 2d 417, 419) the court said: ‘ ‘ Indeed, to determine how local union property
has been affected by an attempted local disaffiliation from a national labor organization, a court must first discover just what was done, and how, within the local, and then find the legal effect of that action under the local charter and any other applicable union regulations and agreements. Such an inquiry cannot lead to an adequately dispositive adjudication unless the local whose internal affairs are the matter in controversy shall be a party to the litigation. In the present case a decision on the merits in favor of the insurgent defendants would be an adjudication against the right of Locals 636 and 639, as now constituted, to union property. Yet, in the absence of those locals such an adjudication could not bind them or prevent them from relitigating the same controversy. Such considerations are most persuasive reasons for holding that the absent locals should be viewed as indispensable parties. See Shields v. Barrow, 1854, 17 How. 130, 139, 15 L. Ed. 158; State of California v. Southern Pac. Co., 1895, 157 U. S. 229, 255, 15 S. Ct. 591, 39 L. Ed. 683; State of Washington v. United States, 9 Cir., 1936, 87 F. 2d 421.” (See, also, Fitzgerald v. Jandreau, 16 F. R. D. 578, 580; Fitzgerald v. Santoianni, 95 F. Supp. 438, 441.)
Naming the individuals as defendants cannot obliterate the factual existence of the Locals, despite the alleged assumption of the functions of their officers by the special trustee. The special trusteeship may be imposed upon the Local but it does not, and is not intended to, take the place of the Local. It is indeed probable, in the absence of the Locals as parties, that a judgment will not afford complete relief and adjudge the rights of the Locals, as entities. Certainly, if the second cause of action in favor of the International succeeds, there is no way of adjudicating the rights of the Locals, for in such a case, even the special trustee, named as plaintiff in the first cause of action only, would be absent.
Upon this submission a serious question is present whether there is a cause of action stated which has a likelihood of *326 success. The present tendency is that a local is excused from further performance of its contract with an international by reason of the latter’s expulsion from one of the great federations (which today are both conjoined as AFL-CIO), where the continuing affiliation is an express or implied condition of the local-international contract. According to this doctrine, the provisions of an international constitution for forfeiture of the union local’s funds and property, in the event of the latter’s disaffiliation, are unenforcible, where the condition of continuing AFL-CIO affiliation has failed (Clark v. Fitzgerald, 197 Misc. 355, 360, 361; Overton-Bey v. Jacobs, 131 N. Y. S. 2d 31; Fitzgerald v. Riverside Labor Hall, 19 Labor Cases, Par. 66, 237; Duris v. Iozzi, 6 NM. J. Super. 530; Edwards v. Leopoldi, 20 N. J. Super. 43, 46; Local 1140 v. United Electrical, R. & M. Workers, 232 Minn. 217). In the cited eases the frustration doctrine was recognized by the courts. Where, as in OvertonBey and Edwards, the parent succeeded in obtaining a restraining order, it was because the local had neglected to furnish the court with sufficient evidence of the existence of the implied condition. Here, however, sufficient evidence appears, both from the constitution and extrinsic sources, to satisfy this court that continuing AFL-CIO affiliation was a condition of the Locals’ affiliation with the International.
Fitzgerald v. Abramson (89 F. Supp. 504) is not a determination to the contrary, for it was based on a finding ‘ ‘ that the locals [according to the International constitution] are little more than convenient administrative subdivisions ”. (P. 511.) Here, the application of the same criteria indicates that the plaintiff International is only a “ federation of associations ”, i.e., comprised of autonomous locals rather than of the individuals within these locals.
The moving papers are replete with allegations of ‘ ‘ conspiracy ”, “misappropriation”, “breach of trust ” and the like. There is little set forth to substantiate these general allegations.
In order to obtain temporary injunctive relief more than a good cause of action must be alleged. A clear right to the ultimate relief requested must be shown from the undisputed facts (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182). Here, there is no supporting proof for the eonclusory allegation that at least seven members of each Local desire to retain affiliation with the International. Plaintiffs’ attorney avers that he has affidavits of seven members, but does not produce them or their names.
*327 It is a basic rule for the exercise of equitable jurisdiction that the petitioners must enter the court with clean hands. There is, to say the least, considerable question on this score in the events leading up to the expulsion (which cannot be divorced from the instant disaffiliation and the present proceedings). A flagrant violation, or series of violations, of the basic principles of a trade union by one party renders his hands so unclean that he may not seek the aid of a court of equity in enforcing the letter of his rights under the constitution (Fitzgerald v. Riverside Labor Hall, supra; Margolis v. Burke, 53 N. Y. S. 2d 157).
Moreover the mere allegation that injury will result without showing the facts from which it may be inferred will not support a request for temporary injunctive relief (Brass v. Rathbone, 153 N. Y. 435, 442). It does not appear that any harm will result to plaintiffs by denial of the instant motion.
Plaintiffs admit in paragraph 20 of their complaint that defendants have, with respect to the funds and property, been acting as if they had lawfully seceded and transferred affiliation to AFL-CIO. Under these circumstances, the funds appear to be in safe and responsible hands. On the other hand, while no harm appears probable from denial of the motion, its granting could irreparably harm the defendants, to whom a large membership of workers in the industry look for day-to-day service with respect to dues, grievances, transfers, layoffs, rehirings and all the manifold duties of trade union officials. There is, indeed, danger that the granting of a temporary injunction — if ultimately defendants prevail — will cause the disintegration of the Locals and the individual defendants’ interests therein. (See Ringler & Co. v. Mohl, 115 App. Div. 549.)
Emphasis is placed by plaintiffs on Peachey v. Dixon (N. Y. L. J., Dec. 6, 1955, p. 7, col. 1). Injunctive relief was there granted without opinion. The court has examined the file in that action and it is sufficient to note that the fact situation is entirely different.
Accordingly, plaintiffs’ motions for temporary relief are denied and it is directed that the matter he set down for trial for February 20, 1958.
Settle order.